July 23, 2018

**MAYER · BROWN**

**BY ECF**
Honorable Steven Tiscione
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel +1 312 782 0600
Main Fax +1 312 701 7711
www.mayerbrown.com

**Geoffrey M. Pipoly**
Direct Tel +1 312 701 7902
Direct Fax +1 312 706 8108
gpipoly@mayerbrown.com

Re:   *Saget, et al. v. Trump, et al.*, 18-CV-1599

Dear Judge Tiscione:

Pursuant to this Court's July 16, 2018 Order and Rule III.A of this Court's Individual Practice Rules, Plaintiffs submit this Letter motion to Supplement the Administrative Record and for Extra-Record Discovery.

Defendants have not yet produced the full administrative record in this case. To begin, Plaintiffs request that this Court order Defendants to supplement the record with the full compendium of documents that all relevant agencies directly or indirectly considered in deciding to revoke Temporary Protected Status ("TPS") for Haiti. Plaintiffs further request that this Court grant Plaintiffs extra-record discovery, including depositions, to allow Plaintiffs to pursue their allegations that Defendants' decision to revoke TPS for Haiti was motivated by discriminatory animus, violated the requirements of the TPS statute, and was arbitrary and capricious. Such discovery is necessary to demonstrate that the considerations contained in the administrative record were pretext for arbitrary, discriminatory decisionmaking.[1]

This case involves two distinct types of claims: *First*, Plaintiffs have brought Administrative Procedures Act ("APA") and ultra vires claims alleging that (1) Defendants violated the TPS statute and the APA by arbitrarily and capriciously failing to undertake the required statutory review prior to terminating TPS for Haiti, and (2) Defendants adopted and applied new criteria to revoke TPS without providing good reasons for those criteria or employing required notice-and-comment procedures. *Second*, Plaintiffs have brought separate constitutional claims alleging that Defendants' revocation of TPS was motivated by discriminatory animus towards Haitians in violation of the Equal Protection and Due Process Clauses.

Defendants argue that Plaintiffs' discovery should be limited to the paltry 199 pages Defendants have produced, which Defendants describe as the whole administrative record. The notion that 199 pages constitutes the entire administrative record considered by Defendants when deciding to terminate TPS for 60,000 people is facially implausible. Similarly baseless is Defendants' attempt to cast Plaintiffs' Complaint as a run-of-the-mill challenge to an agency decision, when

---

[1] Should any part of this motion be denied, Plaintiffs reserve their right to revisit any arguments herein after the District Court has ruled on Defendants' anticipated dispositive motion. To the extent the District Court rules that Plaintiffs have plausibly alleged claims which cannot be established based on the 199 pages Defendants have produced, Plaintiffs are entitled to additional discovery as necessary to further investigate and prove those claims.

July 23, 2018
Page 2

in fact Plaintiffs' claims are far from ordinary. Plaintiffs allege, *inter alia*, that Defendants' stated rationale for revoking TPS for Haiti is pure pretext to cover up an arbitrary decision motivated by illegal discrimination. Thus, much of the evidence to which Plaintiffs are entitled necessarily falls outside the administrative record—however it is defined—precisely because *the administrative record itself is pretext which does not reflect the true decision-making process*.

Plaintiffs thus require discovery beyond what the agency has self-servingly designated as the administrative record, and accordingly request that this Court order Defendants to (1) supplement the record and produce all evidence they considered directly or indirectly in deciding to terminate TPS for Haiti; and (2) grant Plaintiffs extra-record discovery, including depositions, relating to whether the termination of TPS violated the TPS statute and/or was motivated by discriminatory animus. (*See* Ex. A, Order in *Ramos v. Nielsen*, No. 18-cv-1554 at *5 (N.D. Cal. June 25, 2018) (in another TPS challenge, ordering discovery of the whole record, including materials "indirectly considered," and ordering the government to answer interrogatories)).

Supplementation of the record is warranted because Defendants have excluded documents they considered in deciding to terminate TPS for Haiti and have done so in an improper attempt to hide the true reason behind the decision. "The administrative record consists of all documents and materials that the agency directly or indirectly considered." *Oceana, Inc. v. Ross*, 290 F. Supp. 3d 73, 77 (D.D.C. 2018). "To ensure that an agency 'not skew the record in its favor by excluding pertinent but unfavorable information,' the law affords an agency merely a rebuttable presumption that it properly designated an accurate and complete administrative record." *Cty. of San Miguel v. Kempthorne*, 587 F. Supp. 2d 64, 72 (D.D.C. 2008) (*quoting The Fund for Animals v. Williams*, 391 F.Supp.2d 191, 197 (D.D.C.2005)). Courts may order an agency to supplement the record "if the agency deliberately or negligently excluded documents that may have been adverse to its decision." *Id.* at 77–78. "[N]on-record review is also permissible in situations where there is a strong showing of bad faith or improper behavior on the part of the part of the agency." *Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior*, 143 F. Supp. 2d 7, 11 (D.D.C. 2001). Supplementation of the record is "required upon a prima facie showing that the agency excluded from the record evidence adverse to its position or that the agency's stated rationale is but a pretext masking its true basis of decision." *Banner Health v. Sebelius*, 2013 WL 11241368, at *6 (D.D.C. July 30, 2013) (internal quotation omitted).

Each of these factors is present here. Plaintiffs have strong evidence that Defendants have not produced all documents regarding their decision to terminate TPS for Haiti because *Plaintiffs have already separately obtained relevant documents not included in the 199 pages Defendants produced*. For example, Plaintiffs have obtained FOIA documents which show that on Friday, April 7, 2017, Kathy Nuebel Kovarik instructed agency staff to obtain the criminal records and public benefit usage rates of Haitian TPS recipients, even though neither is a factor the government may consider under the TPS statute. *See* 8 U.S.C. 1254a. (*See* Ex. B) (the "Kovarik email"). Similarly, an October 31, 2017 email about the TPS recommendation of then-Secretary of State Tillerson (the "Tillerson email") reveals that a country conditions memo was edited to "delete the portions [of the memo] the Secretary disapproved." (Ex. C at 26.) Neither of these documents (nor the original, unedited county conditions memo) is among the 199 pages

July 23, 2018
Page 3

Defendants produced, and their exclusion is itself evidence that Defendants are currently withholding documents likely to shed light on the pretextual nature of their stated rationale by not designating them as part of the administrative record. These documents' exclusion from production likewise reveals bad faith on the part of Defendants to hide the decision's true nature.

The Kovarik and Tillerson emails are not the only pertinent documents Defendants have withheld. Plaintiffs already possess literally hundreds of similar FOIA documents related to Haitian TPS—some of which are exhibits to the First Amended Complaint—which Defendants have withheld. (*See* Exs. B-D, *none* of which is included the 199 pages.) However, many of these documents are heavily (and erroneously) redacted, and it is unclear how many other additional documents exist—all the more reason why this action requires fulsome discovery.

Moreover, *extra-record* discovery is proper where the plaintiff shows bad faith or improper behavior on the part of the agency. *See Comm. of 100 on the Fed. City v. Foxx*, 140 F. Supp. 3d 54, 59 (D.D.C. 2015). "[E]vidence of unalterably closed minds" is evidence of improper behavior. *Id.* There is ample evidence here that Defendants had already made up their mind before analyzing any relevant data or documents. The Kovarik email is evidence of an agency searching for ammunition to use against a group it had already decided to expel from the country. Similarly, the Tillerson email shows the deletion of relevant information of which "the Secretary disapproved." Both of these documents show Defendants improperly predetermined their decision to revoke TPS for Haiti, and entitle Plaintiffs to extra-record discovery.

Even if this Court were limited to review of the as-yet-provided administrative record for Plaintiffs' APA claims, Plaintiffs' constitutional claims deserve the same fulsome discovery as they would receive absent Plaintiffs' separate, independent APA claims. "A direct constitutional challenge is reviewed independent of the APA" and courts routinely order discovery in cases involving both APA and constitutional claims. *Grill v. Quinn*, 2012 WL 174873, at *2 (E.D. Cal. Jan. 20, 2012) (listing cases). Although courts have sometimes denied plaintiffs discovery for constitutional claims which are "fundamentally similar to their APA claims," (*Chiayu Chang v. USCIS*, 254 F. Supp. 3d 160, 162 (D.D.C. 2017)), Plaintiffs' constitutional claims in this case are not fundamentally similar to their APA claim. Plaintiffs' APA claims allege that DHS's decisionmaking violated the TPS statute and implemented a novel, arbitrarily narrow standard for TPS review. In contrast, Plaintiffs' constitutional claims allege that Defendants' termination of Haiti's TPS was motivated by discriminatory animus against Haitians.[2] To deny Plaintiffs extra-record discovery on their constitutional claims in this case would be tantamount to holding that where plaintiffs independently allege both APA claims and constitutional claims against the Government, they are restricted to such discovery as otherwise would have been appropriate if they had only brought the APA claims. That is not the law. Plaintiffs cannot prosecute their constitutional claims without full discovery, including depositions.

---

[2] Even if some of the documents that Defendants have provided (or will provide, upon supplementation) may overlap with the documents Plaintiffs seek in formal discovery, "that is no reason to deny Plaintiff relevant documents on his constitutional claims." *Jordan v. Wiley*, 2009 WL 980313, at *1 (D. Colo. Apr. 8, 2009) (granting discovery as a matter of course on constitutional claims even though it could be duplicative of APA claims).

July 23, 2018
Page 4

Respectfully Submitted,

By: /s/ Ira J. Kurzban
Ira J. Kurzban
KURZBAN, KURZBAN, WEINGER,
TETZELI & PRATT, P.A.
2650 S.W. 27th Ave., 2nd Floor
Miami, FL 33133
Phone: (786) 410-4706
ira@kkwtlaw.com

By: /s/ Sejal Zota
Sejal Zota
NATIONAL IMMIGRATION PROJECT OF THE
NATIONAL LAWYERS GUILD
14 Beacon Street, Suite 602
Boston, MA 02018
Phone: (919) 698-5015
sejal@nipnlg.org

By: /s/ Geoffrey M. Pipoly
Geoffrey M. Pipoly
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
Phone: (312) 782-0600
gpipoly@mayerbrown.com

**cc:** **BY E.C.F.**