FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 13 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PATRICK SAGET, *et al.*,

    *Plaintiffs*,

v.

DONALD TRUMP, *et al.*,

    *Defendants*.

No. 18-CV-1599

(Kuntz, J.)
(Tiscione, M.J.)

---

## REVISED STIPULATION AND PROTECTIVE ORDER

**WHEREAS**, on March 15, 2018, Plaintiffs filed the above-referenced action, *Saget v. Trump*, No. 18-CV-1599 (Kuntz, J.) (Tiscione, M.J.) against the Government in the U.S. District Court for the Eastern District of New York ("the Instant Action");

**WHEREAS**, in the Instant Action, Plaintiffs challenge Acting Secretary Elaine C. Duke's termination of Haiti's Temporary Protected Status ("TPS") designation, effective July 22, 2019;

**WHEREAS**, in the Instant Action, on August 21, 2018, the Court granted in part and denied in part Plaintiffs' motion to supplement the administrative record and to obtain extra-record discovery;

**WHEREAS**, in the Instant Action, on August 27, 2018, the Court ordered the Government to "supplement the administrative record to include 'all documents and materials that the agency directly or indirectly considered,' including all materials that are already being produced in discovery in parallel cases." Dkt. No. 42;

**WHEREAS**, these parallel cases are *Ramos v. Nielsen*, No. 18-cv-1554 (N.D. Cal.) ("*Ramos*"); *Centro Presente v. Trump*, No. 18-cv-10340 (D. Mass.); *NAACP v. Dept. of Homeland*

1

*Security*, No. 18-cv-00239 (D. Md.); and *Casa De Maryland, Inc. v. Trump*, No. 18-cv-00845 (D. Md.) (collectively, "Parallel TPS Cases");

**WHEREAS**, in the Instant Action, on August 21, 2018, the Court invited the parties to "keep [the production of the documents that have been, or will be, produced in Parallel TPS Cases] subject to a confidentiality order and for purposes of this litigation only" (Tr. p. 23);

**WHEREAS**, in the Instant Action, on August 21, 2018, Plaintiffs agreed to pay the court reporter(s) for the costs of any deposition transcripts that they seek to obtain arising out of the Government's production of the documents that have been, or will be, produced in *Ramos* (Tr., p. 22);

**WHEREAS**, in the Instant Action, the Government intends to produce to Plaintiffs any materials produced in the Parallel TPS Cases, with the exception of any alien files ("A-files") of any individual other than Plaintiffs in the instant action;

**WHEREAS**, on August 28, 2018, the Court approved and entered as an Order of the Court a Stipulation and Protective Order filed by the parties;

**WHEREAS**, on November 21, 2018, the Court, over the Government's objection, permitted extra-record discovery;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the attorneys for Plaintiffs and the Government as follows:

I. **Government Personnel Contact Information**

1. As used herein, the term "Government Personnel Contact Information" shall apply to all official/organizational email addresses, phone numbers, and addresses of

2

government personnel produced in discovery in Parallel TPS Cases or the Instant Action;

2. Plaintiffs will protect all such Government Personnel Contact Information included on documents produced in discovery or in deposition exhibits in Parallel TPS Cases or the Instant Action as follows:

   a) Plaintiffs will not disseminate or publish such Government Personnel Contact Information in unredacted form, whether on the Court's docket or through out-of-court distributions.

   b) Plaintiffs may otherwise use the documents produced in discovery and in depositions, whether in court filings or for other purposes.

3. The Government will produce documents to Plaintiffs without redacting Government Personnel Contact Information.

4. The Government reserves its right to redact Government Personnel Contact Information produced in discovery in Parallel TPS Cases or the Instant Action.

5. The Government also reserves its right to redact purely personal contact information (e.g., personal cell phone number) to the extent that such information appears in any documents produced in discovery in Parallel TPS Cases or the Instant Action. Further, Plaintiffs are to alert the Government's counsel if Plaintiffs come across any such purely personal contact information in unredacted form.

II. **Non-Responsive Information**

3

6. With respect to documents identified by the Government in Parallel TPS Cases or the Instant Action as containing "Non-Responsive Information" or "Sensitive Information":

   a) The Government will designate pertinent documents identified as Non-Responsive Information or Sensitive Information as protected. The Non-Responsive Information and the Sensitive Information, and the documents containing Non-Responsive Information or Sensitive Information, must not be shared outside of the counsel of record in the Instant Action.

   b) The Non-Responsive Information or the Sensitive Information, and the documents containing Non-Responsive Information or the Sensitive Information, must not to be used in any other litigation apart from Parallel TPS Cases or the Instant Action.

   c) Should Plaintiffs decide to use one of the documents containing Non-Responsive Information or Sensitive Information as an exhibit in any briefing, Plaintiffs must first redact the Non-Responsive Information or Sensitive Information and then submit the material under seal to give the Government an opportunity to object to its filing.

   d) The Government reserves its right to redact Non-Responsive Information produced in discovery in Parallel TPS Cases or the Instant Action.

**III.   Fed. R. Evid. 502(d) Provision**

7. For purposes of this provision, "document" includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B). "Documents produced" includes all documents made available for review or produced in any manner during this litigation.

8. This provision governs those procedures that shall be used in the event of a production of a privileged document during this litigation. Production of a document, or part of a document, inadvertent or otherwise, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or any other proceeding. This agreement applies to attorney-client privilege and work-product protections, as well as all other protections afforded by Federal Rule of Civil Procedure 26(b) and governmental privileges. Nothing in this agreement shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this agreement shall prohibit parties from withholding from production any document, or redacting any portion of a produced document, that is covered by any applicable privilege or other protection. Nothing in this agreement shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

9. Notwithstanding the provisions in paragraph 8 above, the Government will not assert the deliberative process privilege ("DPP") to prevent Plaintiffs from relying on the DPP documents previously produced in *Ramos* (Bates stamped DPP_1 through DPP_22615) in this action, subject to this order and subject to objections based on

5

relevance or hearsay grounds consistent with the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

### IV.   Plaintiffs' Highly Confidential Material

10. As used herein, "Highly Confidential Material" means any information regarding the immigration status or alienage of any person, including Plaintiffs, third party witnesses, or other individuals. It shall also apply to Plaintiffs' "A numbers," Individuals Taxpayers Identification Numbers, Social Security Numbers, dates and places of birth, biological parents' names, arrest or conviction information, information related to Selective Service registration, previously-submitted immigration applications and any documents submitted in support of such applications, email addresses, phone numbers, or addresses produced in discovery in the Instant Action.

11. Such information shall be marked "Highly Confidential" upon production.

12. Highly Confidential Material produced in this case shall not be used or disclosed for any purpose except for the litigation of this case, nor shall Highly Confidential Material produced in this case be used in, or for the purpose of initiating, a removal proceeding again Plaintiffs, third-party witnesses, or any other individual.

13. Highly Confidential Material shall not be disclosed to any persons other than: (a) attorneys employed by the U.S. Attorney's Office for the Eastern District of New York, or attorneys of record for the Plaintiffs, provided that disclosure is deemed by counsel reasonably necessary for the conduct of this litigation and not for any other purpose or proceeding; and (b) attorneys employed by the Department of Homeland

6

Security, Department of State, or the Department of Justice involved in this matter to whom disclosure is deemed reasonably necessary for the conduct of this litigation. Such Highly Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Order. Defendants are in no way prevented by this Protective Order from discussing the cases of these individuals in order to carry out their operations and proceedings. Nothing in this Stipulated Protective Order shall limit or in any way restrict Defendants' use of information obtained through a source other than through discovery production in the instant action. Further, Defendants are in no way restricted from performing statutorily authorized functions as they pertain to such individuals and may not be held liable for fully executing such authority in the ordinary course, notwithstanding this Protective Order.

## V. Miscellaneous Provisions

14. Nothing in this Stipulation and Order shall affect the right of any party to seek additional protection against the disclosure of documents or materials.

15. Any party may apply to this Court at any time, upon proper notice, for a modification of this Stipulation and Order with respect to the handling or designation of any document or for any other purpose.

16. This Stipulation and Order shall be binding upon any present and future party to the matter in the Instant Action.

17. This Stipulation and Order shall be effective and enforceable upon its signature by counsel.

DATED: Chicago, Illinois  
December 10, 2018

*ATTORNEYS FOR PLAINTIFFS*  
Ira J. Kurzban, (NY Bar No. 5347083)

Kevin Gregg
KURZBAN, KURZBAN,
TETZELI & PRATT, P.A.
2650 S.W. 27th Avenue, 2nd Floor
Miami, FL 33133
Phone: (312) 660-1364
ira@kkwtlaw.com

Sejal Zota
NATIONAL IMMIGRATION PROJECT
OF THE NATIONAL LAWYERS GUILD
89 South Street, Suite 603
Boston, MA 02111
Phone: (919) 698-5015
sejal@nipnlg.org

By:      /s/
Christopher J. Houpt (NY Bar No. 4452462)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Phone: (212) 506-2500
choupt@mayerbrown.com
Geoffrey M. Pipoly
Christopher J. Ferro
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
Phone: (312) 782-0600
gpipoly@mayerbrown.com

DATED: Brooklyn, New York
December 10, 2018

*ATTORNEYS FOR DEFENDANTS*
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820

By:      /s/
Joseph A. Marutollo
James R. Cho
Assistant U.S. Attorneys
718-254-6288/6519

8

Joseph.marutollo@usdoj.gov
James.cho@usdoj.gov

**SO ORDERED:**

This 11 day of December, 2018

s/WFK
HONORABLE WILLIAM F. KUNTZ, II
United States District Judge
Eastern District of New York

9