# Exhibit B

**Pipoly, Geoffrey**
___

| | |
|---|---|
| **From:** | Marutollo, Joseph (USANYE) <Joseph.Marutollo@usdoj.gov> |
| **Sent:** | Wednesday, December 5, 2018 12:56 PM |
| **To:** | Pipoly, Geoffrey; Nemetz, Miriam R.; ira@kkwtlaw.com; Kevin A. Gregg; Sejal Zota; Fortney, Jill M.; Ferro, Christopher; Knight, Christopher A.; Ira Kurzban |
| **Cc:** | Cho, James (USANYE) |
| **Subject:** | RE: Saget - discovery related to the White House |

**\*\*EXTERNAL SENDER\*\***

Thanks for getting back to us. We will get back to you about Ms. Anderson's deposition shortly.

Would the following language (in black) be acceptable for a stipulation? Can you let us know as soon as possible, but no later than 2:30?

Plaintiffs are not permitted to obtain the disclosure of specific deliberative material—which would include recommendations, draft documents, proposals, suggestions, internal memoranda, and other subjective documents which reflect the personal opinions of the writer or speaker rather than the policy of the agency that: (a) are not part of the certified supplemental administrative record, (b) are not part of the productions already made in *Ramos*, or (c) are not related to any TPS determination—unless Plaintiffs can demonstrate that their need for such material overcomes the assertion of DPP by the Government. To overcome this assertion, Plaintiffs need to demonstrate that their requests meet the well-established five-factor balancing test, whereby courts "must balance the extent to which production of the information sought would chill the [Government's] deliberations concerning such important matters . . . against any other factors favoring disclosure." *See Winfield v. City of New York*, No. 15-CV-05236 (LTS)(KHP), 2018 WL 716013, at \*6 (S.D.N.Y. Feb. 1, 2018) (citations omitted). These five factors include: "(i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the seriousness of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." *Id.* (quoting *In re Franklin Nat'l Bank Secs. Litig.*, 478 F. Supp. 577, 583 (E.D.N.Y. 1979) (Weinstein, J.)).

In terms of the number of documents, I can't quantify that figure at this time, but 22,000+ pages were originally deemed protected by DPP in Ramos. Given that the expected volume would make it impossible to go through a specific privilege log conferral in the time we have, we would allow for a specific challenge to Plaintiffs' claim that they meet the standard to overcome DPP for a specific piece of information.

Thanks,
Joe

_____
Joseph A. Marutollo
Assistant United States Attorney
Chief, Immigration Litigation
United States Attorney's Office
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
Telephone: (718) 254-6288
Fax: (718) 254-7489

Joseph.marutollo@usdoj.gov

---

**From:** Pipoly, Geoffrey <GPipoly@mayerbrown.com>
**Sent:** Wednesday, December 5, 2018 1:29 PM
**To:** Marutollo, Joseph (USANYE) <JMarutollo@usa.doj.gov>; Nemetz, Miriam R. <MNemetz@mayerbrown.com>; ira@kkwtlaw.com; Kevin A. Gregg <Kgregg@kktplaw.com>; Sejal Zota <sejal@nipnlg.org>; Fortney, Jill M. <JFortney@mayerbrown.com>; Ferro, Christopher <CFerro@mayerbrown.com>; Knight, Christopher A. <CKnight@mayerbrown.com>; Ira Kurzban <ira@kktplaw.com>
**Cc:** Cho, James (USANYE) <JCho@usa.doj.gov>
**Subject:** RE: Saget - discovery related to the White House

Joe:

First, I wanted to let you know that Plaintiffs can confirm that they are available to depose Kathryn Anderson on December 12. Presumably, she will be available at 9:30 AM at Mayer Brown's DC office, per the dep notice? Can you please confirm specific time and location?

Second, the Plaintiffs cannot stipulate to the below language you set forth. As I said in my email last night, it is impossible to reach a conclusion as to which documents are indeed privileged and which are not absent reference to specific documents. Your request, in our view, amounts to a request that we agree to let the government unilaterally decide what documents are privileged and which are not based on nothing more than the government's say-so and without even giving the plaintiffs an opportunity to challenge privilege designations .

That said, I take your point about the burdens imposed by the timeframe here. Perhaps the parties can negotiate a separate solution that would avoid court involvement.

How many documents are, in your view, responsive to Plaintiffs' discovery requests but are protected from disclosure by the deliberative process privilege?

**Geoffrey M. Pipoly**
Mayer Brown LLP
Tel: +1-312-701-7902
gpipoly@mayerbrown.com
www.mayerbrown.com

---

**From:** Marutollo, Joseph (USANYE) <Joseph.Marutollo@usdoj.gov>
**Sent:** Wednesday, December 05, 2018 8:35 AM
**To:** Pipoly, Geoffrey <GPipoly@mayerbrown.com>; Nemetz, Miriam R. <MNemetz@mayerbrown.com>; ira@kkwtlaw.com; Kevin A. Gregg <Kgregg@kktplaw.com>; Sejal Zota <sejal@nipnlg.org>; Fortney, Jill M. <JFortney@mayerbrown.com>; Ferro, Christopher <CFerro@mayerbrown.com>; Knight, Christopher A. <CKnight@mayerbrown.com>; Ira Kurzban <ira@kktplaw.com>
**Cc:** Cho, James (USANYE) <James.Cho@usdoj.gov>
**Subject:** RE: Saget - discovery related to the White House

**\*\*EXTERNAL SENDER\*\***

Thanks, Geoff, for the email. Given the unique posture in this case—where our responses to discovery requests are due between 7-10 business days after said requests were served (rather than 30 days), and where a trial is set to take place

2

in a month—we do not think that the typical path is prudent here. It will be impossible for the Government to adequately retrieve all of the documents and information sought by Plaintiffs, review for privilege, create a privilege log, produce the non-privileged documents, and then engage in motion practice—all while also conducting and defending deposition, preparing for trial, and engaging in motion practice on other issues—over a span of a few days.

In an effort to avoid wasting time—particularly since Plaintiffs have already obtained 22,000+ deliberative documents in this case—we propose that Plaintiffs stipulate to the below. We would still preserve our right to seek objections on other grounds (as would Plaintiffs), but the below is a fair compromise that would avoid unnecessary litigation:

- The parties agree that the following materials are subject to the deliberative process privilege and not subject to disclosure:
recommendations, draft documents, proposals, suggestions, internal memoranda, and other subjective documents which reflect the personal opinions of the writer or speaker rather than the policy of the agency that: (a) are not part of the certified supplemental administrative record, (b) were not part of the productions already made in *Ramos*, or (c) are not related to any TPS determination.

Thanks,
Joe

_____

Joseph A. Marutollo
Assistant United States Attorney
Chief, Immigration Litigation
United States Attorney's Office
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
Telephone: (718) 254-6288
Fax: (718) 254-7489
Joseph.marutollo@usdoj.gov


**From:** Pipoly, Geoffrey <GPipoly@mayerbrown.com>
**Sent:** Tuesday, December 4, 2018 10:37 PM
**To:** Marutollo, Joseph (USANYE) <JMarutollo@usa.doj.gov>; Nemetz, Miriam R. <MNemetz@mayerbrown.com>; ira@kkwtlaw.com; Kevin A. Gregg <Kgregg@kktplaw.com>; Sejal Zota <sejal@nipnlg.org>; Fortney, Jill M. <JFortney@mayerbrown.com>; Ferro, Christopher <CFerro@mayerbrown.com>; Knight, Christopher A. <CKnight@mayerbrown.com>; Ira Kurzban <ira@kktplaw.com>
**Cc:** Cho, James (USANYE) <JCho@usa.doj.gov>
**Subject:** RE: Saget - discovery related to the White House

Joe:

Thanks for clarifying that the government won't object on the basis of deliberative process privilege to previously-produced *Ramos* and *Centro* docs; I understand that the government reserves the right to object on other grounds.

With regard to how the government intends to proceed with the assertion of deliberative process privilege for documents that would be responsive to the *Saget* discovery requests that haven't been previously produced in *Ramos* or *Centro*:

3

I understand from your email below how the government defines deliberative process privilege in broad strokes. What we are unclear about is whether (and how) the government intends to seek court resolution of this issue before it has produced any documents/a privilege log of withheld documents.

As you know, ordinarily the producing party would produce all documents it does not believe are protected by privilege, providing a privilege log for the remaining documents. If the requesting party believes, based on the privilege log, that the privilege is not applicable, it would challenge the privilege designation in a motion to compel. I'm unclear from our conversation today whether the government intends to follow this ordinary procedure.

It is unclear to me how the parties can agree (or how the court could be expected to determine) which documents are or are not subject to the deliberative process privilege without following this procedure.

Your email below sets forth categories of documents that you request the plaintiffs agree are protected by the deliberative process privilege—and presumably these categories would be the subject of a motion in the event the plaintiffs do not agree. But the definition you set forth below is little more than a reiteration of the black letter definition of the deliberative process privilege as set forth in the case law. *See, e.g., Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980) (noting that deliberative process privilege generally "covers recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency"). But these general principles are of little help in the abstract "because the deliberative process privilege is so dependent upon the individual document and the role it plays in the deliberative process." *Id*. at 867. It is precisely for this reason that I struggle to understand how the parties could be expected to reach a categorical agreement, in the abstract and without a privilege log, about (or how the court could be expected to decide) which documents are and are not protected by the privilege.

Does the government seek for the Plaintiffs to agree that the government may withhold documents it decides are protected by the deliberative process privilege without following the procedures set forth above (production, privilege log, motion practice)? Again, I am unclear from our conversations and from the below emails if that is what the government intends to do here.

Thanks in advance for clarifying.


**Geoffrey M. Pipoly**
Mayer Brown LLP
Tel: +1-312-701-7902
gpipoly@mayerbrown.com
www.mayerbrown.com

---

**From:** Marutollo, Joseph (USANYE) <Joseph.Marutollo@usdoj.gov>
**Sent:** Tuesday, December 04, 2018 6:40 PM
**To:** Pipoly, Geoffrey <GPipoly@mayerbrown.com>; Nemetz, Miriam R. <MNemetz@mayerbrown.com>; ira@kkwtlaw.com; Kevin A. Gregg <Kgregg@kktplaw.com>; Sejal Zota <sejal@nipnlg.org>; Fortney, Jill M. <JFortney@mayerbrown.com>; Ferro, Christopher <CFerro@mayerbrown.com>; Knight, Christopher A. <CKnight@mayerbrown.com>; Ira Kurzban <ira@kktplaw.com>
**Cc:** Cho, James (USANYE) <James.Cho@usdoj.gov>
**Subject:** RE: Saget - discovery related to the White House

**\*\*EXTERNAL SENDER\*\***

Geoff,

4

Thank you again for speaking with us this afternoon regarding our preliminary concerns and objections to the discovery demands Plaintiffs served on November 30, 2018.

During our discussion about documents the Government has and will identify as protected by the deliberative process privilege, we asked if you would agree that the Government need not produce deliberative materials that have not been included in the certified administrative record produced in this action, including the supplemental record.  In seeking further clarification, you asked whether the Government would object to Plaintiffs using in this action material produced in *Ramos* with Bates numbers bearing the prefix "DPP."  (Specifically, those documents have been produced here as DPP_1-22615, subject to the protective order previously issued (and, as discussed, the parties are in the process of updating this protective order)).  The Government will not assert the deliberative process privilege to prevent your use of those documents, which are Bates stamped DPP_1-22615 in this action.  With that said, we expect that certain of these documents will be subject to the updated Protective Order that the parties are finalizing.  Also, we reserve our rights under the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence to object to your use of those documents, including objections based on relevance and hearsay grounds.

In response to your request for more clarity as to the types of material that we believe should be withheld pursuant to the deliberative process privilege, such discovery would include recommendations, internal memoranda, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency that: (a) are not part of the certified supplemental administrative record, (b) were not part of the productions already made in *Ramos*, or (c) are not related to any TPS determination.

Based on the above, we ask that you get back to us by tomorrow morning regarding your position.  Should you agree, we would need to enter into a stipulation as soon as possible.  But as we discussed, because discovery is moving forward at such a fast pace, the Government will need to seek a protective order regarding previously unproduced, extra-record material that is protected by the deliberative process privilege.

Additionally, with respect to a renewed application for a stay, we note that, during our call, Plaintiffs did not consent to such an application.

With respect to Geoff's email below about the RFAs, we note that Plaintiffs' different requests present different issues.  All of Plaintiffs' requests on the White House, however, present burdensome issues under *Cheney*.  Various of these requests implicate executive privileges as well.

Finally, with respect to Mr. Prelogar, my understanding is that he is not available next week, but would be available on December 18 (per the attached email).  Additionally, as noted in the attached email, and in an effort to help with scheduling logistics, please note that the other depositions noticed for next week (Director Cissna on December 11, and Mr. Hamilton on December 13) will not go forward at those times, and the scheduling of those depositions will be the subject of further conversations between the parties.  We will get back to you by Friday.  Please note that we will likely have availability for the first week in January as well.

Thanks,
Joe

_____
Joseph A. Marutollo
Assistant United States Attorney
Chief, Immigration Litigation
United States Attorney's Office
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
Telephone: (718) 254-6288

Fax: (718) 254-7489
Joseph.marutollo@usdoj.gov

---

**From:** Pipoly, Geoffrey <GPipoly@mayerbrown.com>
**Sent:** Tuesday, December 4, 2018 5:44 PM
**To:** Marutollo, Joseph (USANYE) <JMarutollo@usa.doj.gov>; Nemetz, Miriam R. <MNemetz@mayerbrown.com>; ira@kkwtlaw.com; Kevin A. Gregg <Kgregg@kktplaw.com>; Sejal Zota <sejal@nipnlg.org>; Fortney, Jill M. <JFortney@mayerbrown.com>; Ferro, Christopher <CFerro@mayerbrown.com>; Knight, Christopher A. <CKnight@mayerbrown.com>; Ira Kurzban <ira@kktplaw.com>
**Cc:** Cho, James (USANYE) <JCho@usa.doj.gov>
**Subject:** RE: Saget - discovery related to the White House

Joe:

Here's my summary. In addition to the below questions I raise, feel free to reply with anything inconsistent with your understanding.  We thank you for having this call when you did—it allowed us to flesh out some critical issues quickly, which we believe is in everyone's interest.

- **(1) Government intends to file a motion to reconsider Judge Kuntz's ruling w/r/t the propriety of extra-record discovery.**
    - Plaintiffs' response:  As I indicated on the call, we think such a motion is unnecessary, as it would be essentially the third time Judge Kuntz would have to rule on the matter—he did so once at the motion to dismiss hearing, albeit somewhat opaquely (*See* 11.13.18 Hrg. Tr. at p. 86 1-5) and again in response to the government's written motion.  In light of these two prior rulings from Judge Kuntz, we think the parties' collective time is better spent litigating the other issues discussed in this email.  However, obviously, it is the government's prerogative to file a motion to reconsider and if it chooses to do so, plaintiffs will consider a response accordingly.

- **(2) Government thinks that Plaintiffs' written discovery is per se improper to the extent it seeks documents from custodians at the White House (including individual custodians and offices subsumed by the White House, such as the Executive Office of the President, Office of Intergovernmental Affairs, etc.); government seeks Plaintiffs consent to withdraw those discovery requests. Government's argument, in broad strokes, is the burden of seeking those documents as well as various privileges. Government raised this issue by phone today to obtain clarity on this issue, and will file a motion to seek clarity from the court if need be. (For more, See Marutollo email from 4:08 PM CST on 12.4, and Pipoly response, each below in this email chain).**
    - Plaintiffs' response:  Plaintiffs disagree and decline to withdraw those requests. Plaintiffs agree that it is in all parties' interest to obtain clarity from the court on this issue and awaits the government's motion to that effect.

- **(3) Government thinks that some documents sought by plaintiffs' written discovery is protected from disclosure by the deliberative process privilege; will Plaintiffs agree to withdraw requests to the extent they touch on deliberative process documents?  If not, the government intends to seek clarity from the court.**
    - Plaintiffs' response: Plaintiffs likely disagree with the scope of the deliberative process privilege as applied to particular documents, but remain confused about how seeking clarity from the court would work here w/r/t documents that have not yet been produced to the plaintiffs. Is it the government's intention to, (A), produce documents and a privilege log in which deliberative process privilege is asserted over various documents, then seek to litigate those specific documents?  Or, is it the government's intention to, (B). litigate the issue of deliberative process privilege generally, without reference to any specific documents? It

6

was unclear to me from the call whether the government's intended proposed path was (A) or (B). Plaintiffs do not think option (B) is appropriate—it would be difficult, if not impossible, to litigate a privilege issue of any kind, especially the deliberative process privilege, without reference to specific documents.

- **(4) Government will make three witnesses available as follows: Anderson on 12/12, Robert Law on 12/13, and Prelogar on 12/18. Is still working to schedule Cissna, Hamilton and Kovarik. Government believes Kovarik dep is duplicative, since she's already been deposed in *Ramos*. Government's believes taking both Anderson and Prelogar's deposition is duplicative.**
    - Plaintiffs' response:
        - Plaintiffs disagree that Kovarik's deposition is duplicative—she was deposed in Ramos well before substantial documents production was complete.
        - Plaintiffs disagree that taking Anderson's and Prelogar's deposition is duplicative and intend to depose both.
        - Plaintiffs are fairly sure that 12/12 works for Anderson—will follow up ASAP to confirm.
        - Plaintiffs are fairly sure that 12/18 works for Prelogar—will follow up ASAP to confirm.
            - Plaintiffs would prefer to depose Prelogar and Anderson within a shorter time—would the government agree to make Prelogar available on the 13th?
        - Whether plaintiffs are ready to proceed on Robert Law depends largely on the resolution of issue (3) above—to the extent that the government intends to withhold documents pertinent to Robert Law (or any other deponent for that matter) on the basis of Deliberative Process Privilege, the plaintiffs will not be ready to proceed with the deposition of Law (or any other deponent) until it has that deponents' documents; and, per Paragraph 9(C) of the agreed discovery schedule, it would be premature to take a deposition before his or her documents are produced.

- **(5) Government will likely represent Elaine Duke at her deposition, but will not accept service on her behalf. Plaintiffs will forward the government a service copy of Duke's subpoena once served (plaintiffs have been attempting service for days).**

- **(6) Government does not know for sure whether it will claim in *Saget* deliberative process privilege over documents deemed not covered by the privilege in *Ramos* and in Plaintiffs' possession in *Saget* (i.e. documents produced with a "DPP" bates prefix).  Joe will follow up with Geoff.**

- **(7) Protective Order—Geoff will look at the one Joe previously sent and revert back with comments. May make sense to hold off on filing till issue of deliberative process privilege is resolved.**


Geoffrey M. Pipoly
Mayer Brown LLP
Tel: +1-312-701-7902
gpipoly@mayerbrown.com
www.mayerbrown.com

---

**From:** Pipoly, Geoffrey
**Sent:** Tuesday, December 04, 2018 4:17 PM
**To:** 'Marutollo, Joseph (USANYE)' <Joseph.Marutollo@usdoj.gov>; Nemetz, Miriam R. <MNemetz@mayerbrown.com>; ira@kkwtlaw.com; Kevin A. Gregg <Kgregg@kktplaw.com>; Sejal Zota <sejal@nipnlg.org>; Fortney, Jill M. <JFortney@mayerbrown.com>; Ferro, Christopher <CFerro@mayerbrown.com>; Knight, Christopher A. <CKnight@mayerbrown.com>; Ira Kurzban <ira@kktplaw.com>
**Cc:** Cho, James (USANYE) <James.Cho@usdoj.gov>
**Subject:** RE: Saget - discovery related to the White House

Joe,

I am working on a summary of our call now; my email includes Plaintiffs' response to the request below.

I recall from our conversation that you mentioned two bases the government believes protects the White House from discovery: burdensomeness and privilege.

On our phone call, you mentioned specific RFPs and Interrogatories, but I don't recall you mentioning specific RFAs. So I can properly understand your position and respond to it, can you clarify your reference to RFAs 1-11? Is it the government's position that admitting or denying that the President made certain statements is unduly burdensome under Cheney? Is it the government's position that admitting or denying that the President made certain statements is protected by privilege, even at a meeting at which members of Congress were present (see RFAs 5-11?).

Thanks,

**Geoffrey M. Pipoly**
Mayer Brown LLP
Tel: +1-312-701-7902
gpipoly@mayerbrown.com
www.mayerbrown.com

---

**From:** Marutollo, Joseph (USANYE) <Joseph.Marutollo@usdoj.gov>
**Sent:** Tuesday, December 04, 2018 4:08 PM
**To:** Pipoly, Geoffrey <GPipoly@mayerbrown.com>; Nemetz, Miriam R. <MNemetz@mayerbrown.com>; ira@kkwtlaw.com; Kevin A. Gregg <Kgregg@kktplaw.com>; Sejal Zota <sejal@nipnlg.org>; Fortney, Jill M. <JFortney@mayerbrown.com>; Ferro, Christopher <CFerro@mayerbrown.com>; Knight, Christopher A. <CKnight@mayerbrown.com>; Ira Kurzban <ira@kktplaw.com>
**Cc:** Cho, James (USANYE) <James.Cho@usdoj.gov>
**Subject:** Saget - discovery related to the White House

**\*\*EXTERNAL SENDER\*\***

Counsel,

As discussed, please advise, by noon tomorrow, if Plaintiffs will agree to withdraw all discovery requests concerning the White House. Specifically, this includes the requests made concerning the White House, the President, and the Executive Office of the President, found at Request for Production ("RFP") 8, 11, 13, 18, 23, 24; as well as Interrogatory nos. 1-6, 9; and Requests for Admissions Nos. 1-11.

As discussed, Plaintiffs' requests would impose an undue burden on the White House that is irreconcilable with the Supreme Court's guidance in *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 385 (2004) and its progeny.

Thanks,
Joe

_____

Joseph A. Marutollo
Assistant United States Attorney
Chief, Immigration Litigation
United States Attorney's Office

Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
Telephone: (718) 254-6288
Fax: (718) 254-7489
[Joseph.marutollo@usdoj.gov](mailto:Joseph.marutollo@usdoj.gov)

_____

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information is available in our [Privacy Notice](#).