# Exhibit D

# Pipoly, Geoffrey

| | |
|---|---|
| **From:** | Pipoly, Geoffrey |
| **Sent:** | Monday, December 17, 2018 9:52 AM |
| **To:** | 'Marutollo, Joseph (USANYE)'; ira@kkwtlaw.com; Sejal Zota; Nemetz, Miriam R.; Houpt, Christopher J.; Norval, Sara; Roin, Howard J.; Ferro, Christopher; Fortney, Jill M.; Connelly, Vincent J. |
| **Cc:** | Cho, James (USANYE) |
| **Subject:** | RE: Saget - document productions |

Joe:

Suffice to say that I read the transcript of Ms. Anderson's deposition quite differently than you do.  It is clear from the transcript that the Government's objections and instructions not to answer at Ms. Anderson's deposition reflect a vastly overbroad construction of the deliberative process privilege. We are concerned that the Government will engage in this same conduct for future depositions. As to your point that we could have called Judge Kuntz:  this was a global problem at Ms. Anderson's deposition. The government objected and instructed so frequently that it would have occupied a considerable amount of both the deposition and the Court's valuable time to resolve. As such, we feel this issue is best resolved in a motion, with a brief to assist the Court, rather an a series of interruptions of the deposition.

Since your email below does not say that you will decline to assert the privilege in this same overbroad manner for future depositions of government witnesses, we plan to file a motion on this issue.

Second, regarding your privilege assertion over documents, the best way to deal with this issue is an *in camera* review by the Court, assuming the Court would be willing to undertake that task.  As I've noted repeatedly, *in camera* review is a standard practice for documents over which the government asserts the deliberative process privilege.  Your initial position was that even producing a privilege log was overly burdensome. Then, once a privilege log was produced (following a motion you filed and withdrew) your position was that producing documents was too burdensome. So I am perplexed by your reluctance to join me in even **asking** the court to alleviate your burden altogether.

Moreover, I am concerned at this point by what appears to be the Government's strategy of using the deliberative process privilege as both a sword and a shield. Your assertion below that the government "may reconsider" whether "the privilege needs to be fully asserted" certainly suggests as much, as does the Government's partial waiver of the deliberative process privilege for "formal recommendations" (See Doc 97 at 15 of 21), which appears calculated to disclose information you deem helpful to your cause while concealing  information that would be unhelpful.  And, because in light of Ms. Anderson's deposition it is clear to me that the Government is asserting the deliberative process privilege in an overly broad manner with respect to oral testimony, it stands to reasons they have engaged in the same strategy with regard to document production.

We are at an impasse on this point, and we are running out of time.  Thus, in addition to the motion discussed above concerning your instructions not to answer at depositions, plaintiffs plan to file a motion with regard to the government's assertion of deliberative process privilege over documents on the privilege log, and ask Judge Kuntz to review them in camera for privilege.

Third, we have made our position with regard to expert testimony very clear:  our expert's reports will not be voluminous; we will produce them to the government as soon as they are done; and the government will have an opportunity to depose them in advance of trial. We will do our best to produce these witnesses for depositions at your office in Brooklyn.  To the extent they are not available to be deposed on the dates you prefer in Brooklyn we are of course amenable to modifying their deposition dates for when they may be available for travel.

**Geoffrey M. Pipoly**
Mayer Brown LLP
Tel: +1-312-701-7902
gpipoly@mayerbrown.com
www.mayerbrown.com

---

**From:** Marutollo, Joseph (USANYE) <Joseph.Marutollo@usdoj.gov>
**Sent:** Sunday, December 16, 2018 11:03 PM
**To:** Pipoly, Geoffrey <GPipoly@mayerbrown.com>; ira@kkwtlaw.com; Sejal Zota <sejal@nipnlg.org>; Nemetz, Miriam R. <MNemetz@mayerbrown.com>; Houpt, Christopher J. <CHoupt@mayerbrown.com>; Norval, Sara <SNorval@mayerbrown.com>; Roin, Howard J. <HRoin@mayerbrown.com>; Ferro, Christopher <CFerro@mayerbrown.com>; Fortney, Jill M. <JFortney@mayerbrown.com>; Connelly, Vincent J. <VConnelly@mayerbrown.com>
**Cc:** Cho, James (USANYE) <James.Cho@usdoj.gov>
**Subject:** RE: Saget - document productions

**\*\*EXTERNAL SENDER\*\***

Geoff,

In response to your email below, please note the following:

**First,** with respect to the depositions, we dispute Plaintiffs' characterization that our objections during Ms. Anderson's deposition were overly broad and inappropriate.  Contrary to the first paragraph of Plaintiffs' email, Ms. Anderson did, in fact, answer questions related to her understanding of how the TPS decision was made, what she was asked to review, her general practices, her role in the decision-making process, and actions that were taken in connection with the Haiti determination.  As per the parties' joint request, Judge Kuntz was available to make any rulings during the deposition.  Indeed, consistent with Local Civil Rule 37.3, we raised the option of going to the Court on multiple occasions during Ms. Anderson's deposition when disputes arose, but those offers were rebuffed by Plaintiffs' counsel.  We also said repeatedly that we would not agree to re-open Ms. Anderson's deposition.  In any event, the fact that Plaintiffs' counsel did not go to the Court intimates that Plaintiffs were able to obtain the answers to their proffered questions; indeed, while there were instructions to the witness to not answer certain questions on privilege grounds, the witness was typically permitted to answer when Plaintiffs' counsel re-phrased his questions.  Our objections at future depositions will depend on how the questions are phrased.

**Second,** with respect to documents withheld on privilege grounds, we recognize that it is not feasible to prioritize documents by the privilege claimed.  But that is only one limited way to prioritize. Indeed, we have provided Plaintiffs a wealth of information for Plaintiffs to prioritize the most significant documents that they seek to obtain.  Plaintiffs have enough information in the metadata produced with the draft privilege log that they can prioritize custodians, recipients, or subject matter (i.e., by reviewing document's file name or subject of correspondence).  After the prioritization, the Government can then endeavor to provide descriptions for those documents, or alternatively, we may re-consider whether the privilege needs to be fully asserted on specific documents.  The more granular the requests from Plaintiffs, the better, as we will then be able to prioritize these documents accordingly.  This collaborative effort would be in the best interests of both parties and avoid needless judicial intervention, particularly with so many other tasks to complete before the January 7 trial.

In the meantime, any motion to the Court would be premature at this juncture.  As you consider which documents you would like to prioritize, we are continuing to review documents listed on the privilege log and expect to provide by early in the week additional information for the documents we have been able to review by that time.  Because we seek to produce as much information as possible, we also expect to produce additional documents in redacted form, rather than

withholding these documents wholesale.  We will continue to go through this exercise at a considerable expense of resources as you consider either (a) which documents you would like to prioritize or (b) other alternative solutions that will work for both parties and will avoid unnecessarily involving the Court before there is indeed a complete impasse.

**Third,** your response regarding Mr. Shannon's potential expert disclosures is inadequate, and is further evidence that Plaintiffs' actions regarding expert disclosures in general greatly prejudice the Government.  The Government reserves the right to move *in limine* to preclude any expert testimony at trial.

By way of background, on December 10, 2018, as part of Plaintiffs' responses to the Government's interrogatories, Plaintiffs stated that that they may call up to 6 expert witnesses (Paul Farmer, Brian Concannon, Michael Posner, Ellie Happel, Tom Shannon, & Leon Rodriguez) at trial.   As indicated in our December 11, 2018 letter, we objected to Plaintiffs' attempt to offer any expert testimony in this action.   As previously noted, prior to December 10, despite Plaintiffs' burden of proof in this case, Plaintiffs had never raised the possibility of calling expert witnesses in this action, and as a result, the parties' joint proposed discovery schedule, which was filed on November 27, 2018 and adopted by the Court (see ECF Dkt. No. 78), made no provision for expert discovery.  Underscoring Plaintiffs' belated effort to inject expert discovery and its concomitant obligations into the abbreviated pretrial discovery period, Plaintiffs have not even identified for the Government which witness[es] Plaintiffs intend to call regarding which topics, with the exception of noting that they are no longer calling Dr. Farmer as a witness at all.  Indeed, Plaintiffs are still confirming who among their list of putative experts Plaintiffs are planning to call, and who are able to testify at the January 7, 2018 trial.  Compounding the fluidity of Plaintiffs' efforts to identify expert witnesses who might be available for trial, Plaintiffs have, to date, <u>still</u> not yet produced a single expert report for a single witness, as required by Fed. R. Civ. P. 26(b)(2).

Plaintiffs previously noted that they "will provide the government with expert reports as soon as they become available, and will give the government sufficient time to review them before those experts' depositions. Plaintiffs have never taken the position that experts' depositions would be taken before their reports issued."  But providing five expert reports on unknown topics only a handful of days before depositions are to begin—and without any regard to the religious observances of the Government's attorneys—is quite obviously prejudicial to the Government, particularly since these untimely disclosures will all but eliminate any possibility that the Government can obtain the services of a rebuttal expert in sufficient time prior to the putative expert's deposition.

While we provided you with protective notices of deposition of your putative experts—Michael Posner, Leon Rodriguez, Tom Shannon, Ellie Happel, Brian Concannon—these protective notices should not be perceived as the Government's agreement that Plaintiffs have the right to offer expert testimony in this action.  Indeed, absent Mr. Rodriguez, Plaintiffs have not even provided the Government the courtesy of noting whether the putative experts are available on the dates noticed, specifically:

- Mr. Posner – December 26 at the U.S. Attorney's Office in Brooklyn
- Mr. Rodriguez – December 27 at the U.S. Attorney's Office in Brooklyn
- Mr. Shannon – December 28 at the U.S. Attorney's Office in Brooklyn
- Ms. Happel – December 31 at the U.S. Attorney's Office in Brooklyn
- Mr. Concannon – January 2 at the U.S. Attorney's Office in Brooklyn.

We also reiterate that as Plaintiffs chose the Eastern District of New York as the forum for this action, they are obligated to produce their experts for deposition within the Eastern District of New York.  *See Mark Andrew of the Palm beaches, Ltd. v. GMAC Commercial Mortg. Corp*, 2002 WL 31366235 (S.D.N.Y. Oct. 21, 2002).  Given the short discovery period in this matter, Plaintiffs' selection of any witness who cannot travel to the Eastern District of New York would foist on Government counsel an undue burden in obtaining the expert's deposition. *See* Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 26(b)(4).

**Fourth,** as previously discussed, the Government intends to move to quash Acting Secretary Duke's deposition.  We will file our motion shortly, so as to provide as much time as possible for the Court to issue a decision.  But should such a motion be denied, Acting Secretary Duke would be available for a deposition on January 4.

Thanks,
Joe

Joseph A. Marutollo
Assistant United States Attorney
Chief, Immigration Litigation
United States Attorney's Office
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
Telephone: (718) 254-6288
Fax: (718) 254-7489
Joseph.marutollo@usdoj.gov

---

**From:** Pipoly, Geoffrey <GPipoly@mayerbrown.com>
**Sent:** Friday, December 14, 2018 5:33 PM
**To:** Marutollo, Joseph (USANYE) <JMarutollo@usa.doj.gov>; ira@kkwtlaw.com; Sejal Zota <sejal@nipnlg.org>; Nemetz, Miriam R. <MNemetz@mayerbrown.com>; Houpt, Christopher J. <CHoupt@mayerbrown.com>; Norval, Sara <SNorval@mayerbrown.com>; Roin, Howard J. <HRoin@mayerbrown.com>; Ferro, Christopher <CFerro@mayerbrown.com>; Fortney, Jill M. <JFortney@mayerbrown.com>; Connelly, Vincent J. <VConnelly@mayerbrown.com>
**Cc:** Cho, James (USANYE) <JCho@usa.doj.gov>
**Subject:** RE: Saget - document productions [MB-AME.FID1976131]

Hi Joe:

Thanks for the prompt reply.

A few issues to discuss.

**First:**

At Kathryn Anderson's deposition, the government invoked the deliberative process privilege (DPP) in an overly broad and inappropriate manner.  You refused to permit the witness to answer questions related not only to how the TPS decision was made and what she was asked to review and provide in the context of the termination of TPS for Haiti, but also her practices regarding TPS generally.  You refused to permit the witness to share basic facts regarding her own role in the TPS decision-making process, or whether she took certain actions, facts which would disclose internal agency deliberations. You refused to permit the witness to relate whether the factors that she was asked to include in her memos was unusual or inconsistent when compared to how she ordinarily handled her responsibilities.

As you know, the plaintiffs have alleged that the decision to terminate TPS was pretext. Your objections and instructions that the witness not answer would prevent the plaintiffs from obtaining critical evidence with regard to the pretext that the plaintiffs have alleged—and about which the government's motion to dismiss has been denied. As you know, the elements courts weigh when evaluating the deliberative process privilege include: "(i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the seriousness of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." *Winfield v. City of New York*, 2018 WL 716013, at *5 (SDNY 2018).  These factors do not support application of the privilege here as you have asserted it.

As I've said time and time again in this case, the plaintiffs have no desire to take depositions more than once. But we will if it is necessary to do so, and your objections and instructions from yesterday may make it necessary to do so.

A significant aspect of our lawsuit is the accusation that the deliberative process was abused in order to reach the conclusion to terminate the TPS status of Haiti in November 2018. It is therefore inappropriate to prevent us from exploring this accusation with relevant opponents by instructing witnesses not to answer because the deliberative process was involved.

Please let me know immediately if the government intends to continue to invoke the DPP and instruct the witness not to answer as you did at the Anderson deposition, so that we can promptly file a motion with the court on this issue.

**Second:**

I am genuinely perplexed by your position in declining to invite Judge Kuntz, or a magistrate or special master he appoints, to review documents for privilege. As I've said more than once, this would alleviate the burden on the government entirely. I fail to see the harm in at least asking Judge Kuntz to participate in making these privilege calls. After all, Judge Kuntz knows the law, and is more than capable of making these calls. I'm also perplexed by your assertion that "the government would be unable to articulate its basis for privilege at this time." The government *has* set forth a basis for privilege—for each entry on the log, the government has listed one or more of various privileges it is asserting (deliberative process, attorney-client, law enforcement, etc.) As I said in my prior email, what the government *has not* provided is a description of the document (i.e. "email between X and Y discussing Z"). But the reason that latter requirement exists for privilege logs is to give the party challenging the privilege an idea of what it's challenging. Judge Kuntz would not need a description of the document to conduct the in camera review I propose—he would have the documents themselves, which, along with the privilege bases asserted in the logs, is more than enough to allow him to make determinations on the privilege asserted.

I appreciate your offer to resolve the issue by having the plaintiffs identify which documents to prioritize, but I am skeptical this solution would move the ball forward much, primarily because the documents we would prioritize would be documents withheld under the deliberative process privilege—which, frankly, constitutes most of the log.

If the government is unwilling to at least ask Judge Kuntz—or a magistrate or special master—to review documents for privilege, let me know so that we can file a motion ourselves asking him to do so.

**Third:**

As we discussed on the phone when you called me this afternoon, the plaintiffs would like to call Tom Shannon at trial if we are able to contact him and have him involved in the case. So far, we have not been able to reach him, but we persist in attempting to reach him. If and when we make contact, I will let you know.

**Fourth:**

We received your notice earlier today confirming that the government is representing Elaine Duke in this case. Thank you for sending that. Can you please also confirm that she will be available on January 4, the date we previously discussed, assuming that any motions to quash her subpoena are resolved in the Plaintiffs' favor?


Thanks very much

**Geoffrey M. Pipoly**
Mayer Brown LLP
Tel: +1-312-701-7902
gpipoly@mayerbrown.com

[www.mayerbrown.com](www.mayerbrown.com)

---

**From:** Marutollo, Joseph (USANYE) <Joseph.Marutollo@usdoj.gov>
**Sent:** Friday, December 14, 2018 1:27 PM
**To:** Pipoly, Geoffrey <GPipoly@mayerbrown.com>; ira@kkwtlaw.com; Sejal Zota <sejal@nipnlg.org>; Nemetz, Miriam R. <MNemetz@mayerbrown.com>; Houpt, Christopher J. <CHoupt@mayerbrown.com>; Norval, Sara <SNorval@mayerbrown.com>; Roin, Howard J. <HRoin@mayerbrown.com>; Ferro, Christopher <CFerro@mayerbrown.com>; Fortney, Jill M. <JFortney@mayerbrown.com>; Connelly, Vincent J. <VConnelly@mayerbrown.com>
**Cc:** Cho, James (USANYE) <James.Cho@usdoj.gov>
**Subject:** Saget - document productions

**\*\*EXTERNAL SENDER\*\***

Geoff,

Please find below responses to your e-mailed questions related to the Government's responses and objections to Plaintiffs' requests for production of documents. (For convenience sake, I've copied and pasted your questions into the body of the email below). Thanks.

*Plaintiffs' E-mailed Question:*
*First*: Thank you for providing a privilege log. It's a very useful first step. But I'm having some trouble understanding one point—should be very easy to clarify. Am I correct that the documents listed on the *Saget* privilege log include some alleged DPP documents that were withheld in *Ramos* and continue to be withheld here? I ask only because it's my understanding that some alleged DPP docs initially withheld in *Ramos* were ultimately produced, but that some were not. But FN 2 in the Government's RFP responses says "documents in the *Ramos* privilege logs listed as having been withheld pursuant to the deliberative process privilege have since been produced in that case and to the Plaintiffs here."

**The Government's Response:** Our understanding is that all material that was withheld solely on deliberative process privilege grounds in *Ramos* was later produced in *Ramos*. These documents have since been produced in *Saget*.

*Plaintiffs' E-mailed Question:*
*Second*: The privilege log is a good start—it identifies the documents the government is withholding and the privilege basis. However, it does not provide a description of the documents sufficient for me to evaluate the privilege. We understand that the Government bears a heavy burden in collecting these documents and reviewing them for privilege. As I've said before, we want to work towards solutions to alleviate the Government's burden here. As such, I propose that the parties request that Judge Kuntz (or a magistrate or special master appointed by him) be given the documents on the government's privilege log for in camera review and determination of whether the privilege applies to specific documents. After all, determinations on deliberative process privilege—the privilege overwhelmingly relied on in your log—"usually requires examination of the documents [i]n camera" anyway, because "usually only after such an examination can the court determine whether the government's interest in nondisclosure outweighs the interests of the litigants and public in disclosure." *In re Franklin Nat'l Bank Sec. Litig.*, 478 F. Supp. 577, 583 (E.D.N.Y. 1983). Having the ultimate decision-maker here—Judge Kuntz or a magistrate or special master he appoints—would alleviate the government's burden entirely with regard to making individualized privilege determinations. Please let me know if you're agreeable to this; if so, we can file a joint letter to the Court requesting its participation.

**The Government's Response:** We are currently working on specific privilege justifications for the given material, but as you acknowledge, it is a heavy burden on the Government. Indeed, it is impossible to complete all justifications for privilege within the current timeframe. While we appreciate Plaintiffs' willingness to seek reasonable solutions given the heavy burden on the Government in collecting these documents and reviewing them for privilege, we disagree that

providing all privileged material to Judge Kuntz, Magistrate Judge Tiscione, or a special master, would be fruitful, particularly since the Government would be unable to articulate its basis for privilege at this time. Thus, any such request for review would be premature. Further, the special master option itself would be an unnecessary cost and expense. Nonetheless, we are amenable to a working solution. Given the wealth of information and documents already provided, and given the impossibility of providing justifications on all documents during this expedited pre-trial schedule, we ask Plaintiffs to identify the documents listed on the current draft privilege log that Plaintiffs want the Government to prioritize. We will then provide justifications for asserted privilege for those prioritized documents in an expeditious manner.

***Plaintiffs' E-mailed Question:***
*Third*: Can you clarify your response to RFP 12, concerning State Department documents? It appears as though the government's position is that (a) it has identified 278,000 documents related to TPS; (b) those documents are in the process of being reviewed for privilege, classification, etc.; (c) some, but not all, of those documents have been produced in FOIA litigation; and (d) to the extent that any of the 278,000 are in the possession of DHS, they will be produced. Is that an accurate summary? Regardless, we disagree with your assertion that State Department documents can be withheld—the TPS statute requires that the Secretary of Homeland Security consult with appropriate agencies when conducting TPS review. The State Department is the principle agency with which the DHS Secretary consults. State Department documents are highly relevant here. Can you give me a rough idea of how many state department documents have been produced in this litigation (separate and apart from any that have been produced in FOIA litigation)? Also, which FOIA litigation does the response to RFP 12 refer to?

**The Government's Response:** As Plaintiffs note, the TPS statute provides for DHS to "consult with appropriate agencies." Accordingly, the Government has produced a substantial number of communications between DHS and the State Department. Specifically, attached is an excel spreadsheet showing that, inclusive of attachments, there appear to be 781 documents totaling more than 2,500 pages containing communications between DHS and the State Department. Beyond emails, the Government has produced State Department cables, assessments, and recommendations. In the Government's view, these materials sufficiently respond to what Plaintiffs are seeking here. In any event, the Government notes that Plaintiffs' requests as currently formulated are overly burdensome and impossible for the Government to carry out in the timeframe remaining. But we are willing to discuss this issue further.

Finally, the FOIA action referenced in response to RFP 12 refers to the SDNY FOIA litigation. The 278,000 documents referenced in the RFP responses are those State collected for review in *National Immigration Project of the National Lawyers Guild v. U.S. Department of State*, 18-cv-00659 (SDNY). As the Government stated in our responses to Plaintiffs' requests for production, document review in connection with that case is ongoing, and we will produce documents State releases in that case.

Thanks,
Joe

_____

Joseph A. Marutollo
Assistant United States Attorney
Chief, Immigration Litigation
United States Attorney's Office
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
Telephone: (718) 254-6288
Fax: (718) 254-7489
Joseph.marutollo@usdoj.gov

_____
This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information is available in our [Privacy Notice](#).