

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 21, 2018

**By ECF (Cover Letter Only) and Hand (w/ enclosure)**

Honorable William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Saget, et al., v. Trump, et al.*, CV-18-1599 (Kuntz, J.) (Tiscione, M.J.)

Dear Judge Kuntz:

  In this action, Plaintiffs seek judicial review under the Administrative Procedure Act ("APA") of then-Acting Secretary of Homeland Security Elaine C. Duke's decision to terminate the Temporary Protected Status ("TPS") designation for Haiti ("the Duke Determination").

  We respectfully write in response to the Court's ECF entry, issued on December 19, 2018, ordering that "[a]ll documents requiring in camera review are to be submitted directly to the District Court for my review. Appropriate Privilege Logs are to be provided to this Court to facilitate my review." ("Order"). This Order was issued in response to Plaintiffs' December 17, 2018 Motion to Compel Testimony and for *In Camera* Review of the Documents on the Government's Privilege Log, all of which relates to the Government's assertion of the deliberative process privilege ("DPP") at depositions and in document productions. *See* ECF No. 98 ("Plaintiff's Motion to Compel"). In response to the Motion to Compel, the Government had promptly notified the Court on December 18 that they would be filing by December 19 an opposition to the portion of Plaintiffs' motion seeking *in camera* review of documents on the Government's privilege log. *See* ECF No. 99. That response time was well within the Court's November 28, 2018 Scheduling Order, which allows the parties two business days to respond to such discovery motions. *See* ECF No. 78 at ¶ 14.

  Nevertheless, acting less than 48 hours after Plaintiffs filed the Motion to Compel, the Court issued the Order, by which it granted Plaintiffs' motion without having received, reviewed and considered the Government's opposition. Thus, the Government was not provided the two-business days allowed by the Court's Scheduling Order to oppose discovery motions. While this Office had moved as quickly as possible in response to Plaintiffs' December 17 Motion to Compel, and actually filed early in the morning of December 18 a response to that portion of Plaintiffs' motion seeking to compel testimony (in an effort to accommodate Plaintiffs' effort to obtain a ruling for on-going depositions) (*see* ECF No. 99), the Government has been deprived of the

opportunity to explain to the Court that Plaintiffs' motion for the *in camera* production of documents that were withheld and logged pursuant to the DPP, was filed without Plaintiffs having first engaged in good faith efforts to resolve the dispute. Indeed, the Government had proposed to Plaintiffs an alternative approach that would not place before the Court more than 20,000 pages for *in camera* review. Importantly, Plaintiffs' motion was fraught with mischaracterizations, including regarding the volume of relevant, responsive documents produced by the Government to date (currently totaling more than 48,000 pages), and Plaintiffs' specious assertion that they are not making a categorical claim as to the application of the DPP in this action, even though they are simultaneously demanding that all documents withheld pursuant to the DPP be produced for *in camera* review.

Thus, over the Government's objections, the Government is producing herewith for *in camera* review three DVDs containing documents withheld solely on DPP grounds and a corresponding privilege log. The documents are assigned control numbers from PrivWithheld_00000001 through PrivWithheld_00021306, and are comprised of 3,589 documents and total 21,306 pages.[1] In an effort to assist the Court in its review, please note the following:

- The first DVD, marked Saget-DVD1, contains the Government's privilege log;
- The second DVD, marked Saget-DVD2, contains documents that the Government has produced or intends to produce with redactions. The Government provides two versions to the Court for side-by-side comparison: one with the redactions and one without (*see* pdfs saved as "CD Prod009 In-Camera Review Only" and "CP Prod009 – In Camera Review Only – Redacted Docs No Markup" respectively). If the document is withheld in full, the document is provided in full and bears a control number on each page.
- The third DVD, marked Saget-DVD3, contains the same redacted documents as in Saget-DVD2, but these redactions are translucent on the given documents, to ease the Court's review.

This Office attempted to provide the above DVDs to chambers at approximately 5:30 p.m. this evening.[2] This Office, however, was unable to receive a response from chambers via phone or via the intercom system at the courthouse. In light of the federal and religious holidays next week, the Government will provide the above DVDs to chambers by December 26, 2018.

In closing, the Government underscores that Plaintiffs have submitted that they are not claiming that the Government has no right to withhold documents on DPP grounds. Indeed, in their December 7, 2018 brief regarding the application of the DPP in this case, Plaintiffs stated that "[n]otably, unlike *New York v. Dep't of Commerce* [a case involving a challenge to a potential

---

[1] In preparing the enclosed CD, 91 documents that had been produced previously to Plaintiffs without redactions were inadvertently included in this *in camera* production. The previously produced documents are identified on the privilege log that accompanies the production. As a result of the inclusion of 91 previously produced documents, the actual number of documents and pages that are subject to *in camera* review is 3,498 documents totaling 20,934 pages.

[2] The Government notes that both undersigned Assistant U.S. Attorneys are currently in Washington, D.C. for scheduled depositions, including for a deposition that occurred today.

question on the U.S. Census], *Plaintiffs in this case make no categorical claim* as to the application of the deliberative process privilege." ECF No. 86 at 7 n.1 (emphasis added). Further, Plaintiffs have acknowledged the well-established five-factor balancing test for DPP, whereby courts "must balance the extent to which production of the information sought would chill the [Government's] deliberations concerning such important matters . . . against any other factors favoring disclosure." *See Winfield v. City of New York*, No. 15-CV-05236 (LTS)(KHP), 2018 WL 716013, at *6 (S.D.N.Y. Feb. 1, 2018) (citations omitted). These five factors include: "(i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the seriousness of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." *Id.* (quoting *In re Franklin Nat'l Bank Secs. Litig.*, 478 F. Supp. 577, 583 (E.D.N.Y. 1979) (Weinstein, J.)); *cf.* ECF No. 86 at 5. Given that Plaintiffs were not arguing that DPP is categorically unavailable to the Government, on December 11, 2018, the Government withdrew its motion with respect to extra-record discovery that is protected by DPP (ECF No. 82), without prejudice to renewal (ECF No. 90).

The Government submits that it has properly withheld or redacted the enclosed documents pursuant to the DPP. The Government respectfully requests that the Court, in undertaking its *in camera* review and careful balancing of the five-factor test, deny Plaintiffs' request for the release of any and all of the withheld or redacted documents.

The Government thanks the Court for its consideration of this matter.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:  _____/s/_____
Joseph A. Marutollo
James R. Cho
Assistant U.S. Attorneys
718-254-6288/7489
Joseph.marutollo@usdoj.gov
James.cho@usdoj.gov

Enclosure (by hand only)

cc:  **BY E.C.F.**
Counsel of Record (w/o enclosure)

3