

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 07 2019 ★
BROOKLYN OFFICE

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

PATRICK SAGET, SABINA BADIO
FLORIAL, NAÏSCHA VILME, GERALD
MICHAUD, BEATRICE BELIARD,
RACHELLE GUIRAND, JEAN CLAUDE
MOMPOINT, YOLNICK JEUNE,
GUERLINE FRANCOIS, LEOMA
PIERRE, HAÏTI LIBERTÉ, and FAMILY
ACTION NETWORK MOVEMENT,
INC.,

      Plaintiffs,

vs.

DONALD TRUMP, President of the
United States of America, UNITED
STATES OF AMERICA, DEPARTMENT
OF HOMELAND SECURITY, KIRSTJEN
NIELSEN, Secretary of Homeland
Security, and CLAIRE M. GRADY,
Acting Deputy Secretary of Homeland
Security,

      Defendants.

Case No. 1:18-cv-01599

(Kuntz, J.)
(Tiscione, M.J.)

## SUPPLEMENTAL JOINT PRE-TRIAL ORDER

Pursuant to Federal Rule of Civil Procedure 26(a)(3), Rule V.A. of the Individual Motion Practice and Rules of the Honorable William F. Kuntz, II, U.S. District Judge, the parties hereby submit this Supplemental Joint Pre-Trial Order in advance of trial.

9.   A designation by each party for deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

    A.   **Plaintiffs' Supplemental Designations of Deposition Testimony**

    **January 4, 2018 Deposition of Gene Hamilton**

- 9:1-10:18
- 11:21-13:8
- 17:2-21:20
- 23:15-30:9

- 30:15-19
- 31:22-32:9
- 33:11-21
- 34:4-36:8
- 36:11
- 37:7-38:6
- 38:13-40:14
- 40:20-41:15
- 41:19-45:10
- 46:16-47:15
- 58:11-61:2
- 61:15-63:1
- 63:15-64:5
- 65:7-70:22
- 72:5-80:22
- 81:15-83:22
- 84:8-85:5
- 90:6-97:5
- 97:9-105:22
- 106:4-115:4
- 115:13-20
- 118:2-22
- 121:11-131:5
- 132:14-134:3
- 135:8-141:5
- 145:9-150:5
- 150:19-159:2
- 159:21-161:5
- 161:19-163:13
- 163:18-169:4
- 169:9-179:18
- 182:4-186:10
- 186:22-191:13
- 192:17-196:22
- 197:10-200:7
- 200:20-205:8
- 206:6-210:16
- 211:1-212:16
- 213:4-222:7
- 222:15-249:19
- 250:15-266:5
- 266:10-276:22
- 277:16-282:21

B. <u>Defendants' Supplemental Designations of Deposition Testimony</u>

- 45:11-12
- 191:17-192:7

10. The parties shall also file: (i) A statement of stipulated facts, if any; (ii) A schedule listing exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties that will be offering them. The schedule will also include possible impeachment documents and/or exhibits, as well as exhibits that will be offered only on rebuttal. The parties will list and briefly describe the basis for any objections that they have to the admissibility of any exhibits to be offered by any other party. Only exhibits listed will be received in evidence except for good cause shown.

A. <u>Plaintiffs' Supplemental Exhibits</u>

Please see attached spreadsheet.

Responding to Defendants' objections below, Plaintiffs state as follows:

*First*, the Government has waived any "good cause" objection to the supplemental trial exhibits that were also exhibits at the January 3, 2019 deposition of Gene Hamilton. The Government objects to every exhibit introduced at Gene Hamilton's deposition, asserting that Plaintiffs are required to show good cause for these exhibits because they were submitted after the December 31, 2018 JPTO deadline. But *the Government did not make Mr. Hamilton available for his deposition until January 3, 2018—after the December 31 deadline*.

Understanding this scheduling issue, on December 18, 2018 Plaintiffs' counsel specifically raised this issue with the Government by email asking whether—in light of the fact that Mr. Hamilton's deposition would not occur until January—the Government would agree to a supplemental pre-trial order that would address "testimony from [that] deposition[] that either side wants to designate, [or] object to." December 18, 2018 11:11 p.m. email from Plaintiffs' Counsel. The government's counsel responded: "Yes, we're amenable to such a plan." December 18, 2018 email from Defendants' Counsel.

The majority of the exhibits on the supplemental Joint Pre-Trial Order are exhibits used at Mr. Hamilton's deposition, and were the subject of his testimony. As such, the Government has waived any "good cause" objections to those exhibits.

*Second*, the Government suffers no prejudice by the identification and introduction into evidence of the remaining handful of exhibits on the supplemental Joint Pre-Trial Order. With two exceptions, these documents were all either (a) produced in this case; or (b) are filings in this case (the Amended Complaint and the Government's Answer); or (c) attached to previous court filings (such as Plaintiffs' response to the Government's motion to dismiss). The remaining two exhibits—PX 352 and 353—are video of Defendant Secretary Nielsen's statements—one before a Senate Committee, and one on a news program. In short, all of the supplemental exhibits were

known to the Government and the Government suffers no prejudice by their admission. Plaintiffs counsel noted as much to the Government's counsel in their January 5 email correspondence, but that portion of the correspondence is omitted from the Government's description below. January 5, 2019, 8:51 p.m. email from Plaintiffs' Counsel to Defendants' Counsel ("The non-Hamilton exhibits that appear on the supplemental trial exhibit [list] are—with two exceptions—documents that have been produced in this case or attached previously to filings. All the supplemental exhibits are well known to you.").

*Third*, none of the supplemental exhibits are hearsay. In particular, PX 352 and 353—to which defendants object on hearsay grounds—are *recorded public statements by Defendant Secretary Nielsen herself.* Fed. R. Evid. 801(d)(2). PX 352 is an approximately five-minute long clip from C-SPAN reflecting a portion of Defendant Secretary Nielsen's testimony before the Senate Judiciary Committee in January, 2018. PX 353 is a clip from Fox News Sunday in which Defendant Secretary Nielsen is interviewed. The government makes no argument that either of these video clips are unreliable. *See also* Fed R. Evid. 902(6), 1007.

### Defendants' Objections

Pursuant to the Court's November 28, 2018 Order, the parties were ordered to file the Joint Pre-Trial Order by December 31, 2018. *See* Dkt. No. 79. Specifically, the parties were ordered, pursuant to Rule V.A.10(ii) of the Court's Individual Practice Rules, to file a list of all exhibits to be offered into evidence. Pursuant to Rule V.A.10(ii), "[o]nly exhibits listed will be received in evidence except for good cause shown."

On December 31, 2018, the parties filed the Joint Pre-Trial Order. The Court so-ordered the Joint Pre-Trial Order on January 2, 2019.

On Saturday night, January 5, 2019—hours before trial is set to begin on January 7, 2019—Plaintiffs emailed Defendants with 24 new trial exhibits that did not appear on the so-ordered Joint Pre-trial Order.

  i.   **Plaintiffs Have Failed To Demonstrate Good Cause Shown For The Late Exhibits**

As an initial matter, Defendants object to Plaintiffs' 24 new trial exhibits because Plaintiffs fail to show "good cause shown" to enter these exhibits into evidence at this stage in the proceedings. All of these documents were available to Plaintiffs prior to the December 31, 2018 deadline. Plaintiffs—who list 11 attorneys as trial counsel on the Joint Pre-Trial Order—contend that their "good cause is that [they] have been proceeding at a fever pace to prepare for trial, and doing our absolute best to get the government documents as soon as we have them." January 5, 2019, 9:51 p.m. e-mail from Plaintiffs' Counsel. But Plaintiffs cannot explain why they waited until Saturday night, January 5, 2019—the eve of trial—to identify these documents to Defendants.

In the 24 new trial exhibits, Plaintiffs identify 13 exhibits (PX 356 to PX 368) from the Gene Hamilton deposition ("Hamilton exhibits") and 11 other exhibits (PX 346-355, 369) ("Non-Hamilton exhibits"). Defendants are prejudiced by the tardiness of the Non-Hamilton Deposition

4

Exhibits, as they are now forced to turn away from pre-trial preparation and review these exhibits, which include two videos. *Cf. Mandarino v. Mandarino*, 408 Fed. App'x 428, 432 (2d Cir. 2011) ("This is not a case in which Appellant was presented with proposed defense witnesses on the eve of trial; to the contrary, the district court permitted the Defendants' amendment of the pretrial order more than three and a half months prior to the hearing"). Plaintiffs fail to show "good cause" for the omission of these Non-Hamilton Exhibits.

Defendants are also prejudiced by the inclusion of the Hamilton Exhibits. Plaintiffs were aware of these documents before the December 31, 2018 deadline; indeed, Plaintiffs—not Defendants—introduced these documents at Mr. Hamilton's deposition. Further, while Defendants were amenable to designating portions of Mr. Hamilton's deposition after the December 31, 2018 deadline, Defendants did not agree to add additional exhibits to the Joint Pre-Trial Order. Indeed, Plaintiffs did not suggest that additional exhibits would be forthcoming on the Joint Pre-Trial Order.

### ii. Plaintiffs' Reliance on Hearsay from News Media

Additionally, to the extent Plaintiffs rely—in PX 352, PX 353, PX 356, PX 367, PX 369, or any other exhibit—on double and triple hearsay excerpts from newspaper articles, media reports, and similar sources to make their merits-based arguments, such statements are inadmissible. *See McAllister v. New York City Police Dep't*, 49 F. Supp. 2d 688, 705, n. 12 (S.D.N.Y. 1999) ("Newspaper articles are hearsay ... and ... are not admissible evidence."); *see also Holmes v. Gaynor*, 313 F. Supp. 2d 345, 358 n.1 (S.D.N.Y. 2004) (holding newspaper article inadmissible on hearsay grounds); *Vanni v. City of New York*, No. 85 C 1975, 1988 WL 1956, at *5 (E.D.N.Y. Jan. 5, 1988) ("Of course, the newspaper articles referred to by plaintiffs concerning the use of excessive force by New York City police officers would not be admissible evidence."); *Asetek Danmark A/S v. CMI USA, Inc.*, No. 13-cv-00457-JST, 2014 WL 12644295, at *2 (N.D. Cal. Nov. 19, 2014). "News accounts, unsupported by corroborating evidence and offered to prove that certain statements were made, will usually lack the circumstantial guarantees of trustworthiness" required of a residual exception to the hearsay rule. *In re Columbia Sec. Litig.*, 155 F.R.D. 466, 474-75 (S.D.N.Y. 1984). Indeed, PX 369, for instance, contains multiple statements from purported anonymous sources.

Further, any alleged quotations from government officials in the newspaper articles or media reports are double hearsay and should be excluded from consideration. *See In re Acceptance Ins. Companies, Inc. Sec. Litig.*, 352 F. Supp. 2d 940, 950 (D. Neb. 2004), *aff'd sub nom. In re Acceptance Ins. Companies Sec. Litig.*, 423 F.3d 899 (8th Cir. 2005); *see also Rivera v. Inc. Vill. of Farmingdale*, 29 F. Supp. 3d 121, 130-31 (E.D.N.Y. 2013) (Chen, J.) (finding inadmissible newspaper "[a]rticles that contain quotations from [a party-opponent], but are authored by someone else," on the grounds that while a "statements of a party-opponent [] fall outside the definition for hearsay; [] their 'repetition in the newspapers' raises a separate hearsay issue, in that it reflects the 'implicit statement' of other out-of-court declarants, *i.e.*, the reporters, that [the party-opponent] actually said those things.") (citations omitted).

Defendants' position is in line with a recent order in the case styled *State of New York v. United States Dep't of Commerce*, No. 18-CV-2921 (S.D.N.Y. Nov. 14, 2018) (Furman, J.)—a

case that Plaintiffs call "strikingly similar" to the instant action (Dkt. No. 74). In *State of New York*, Plaintiffs sought to enter into evidence five newspaper articles to show political pressure on the Commerce Department from White House staff and Presidential advisers, including Stephen K. Bannon and Kris Kobach, to add the citizenship question to the U.S. Census. The Court did not admit these articles into evidence, stating:

> I agree with the government that the newspaper publications are hearsay. I think they are being offered for the truth of the matter and to prove the falsity of some other statement, but the only way in which they bear on the falsity of other statements -- namely, the Secretary's rationale -- is by assuming the truth of the statements themselves, and by that definition, they are, in fact, hearsay. That applies to Exhibits 495, 496, 497, 498 and 501. Those are not admitted.

*See* 18-CV-291, ECF Nos. 529, 530, Nov. 14, 2018 Tr., 1314.

With respect to PX 352 (the C-Span video) and PX 353 (the Fox News video), the video excerpts includes out-of-court statements from Senator Richard Durbin that Plaintiffs are offering into evidence to prove the truth of the matter asserted in his statements. In the C-Span video, Senator Durbin does not merely ask questions of Secretary Nielsen; he makes representations as to what occurred at a specific meeting with the President, which Plaintiffs are seeking to admit into evidence for the truth of the matter asserted. In the Fox News video, Senator Durbin is shown, in a news clip, making a statement that Plaintiffs are seeking to admit into evidence for the truth of the matter asserted. Senator Durbin is not a party to this action, and his statements are unquestionably hearsay and should be excluded.

        **iii. General Objections**

Additionally, Plaintiffs list a number of exhibits, including PX 359, that are wholly unrelated to Temporary Protected Status or to any Defendants in this action. Further, despite deposing Mr. Hamilton in the instant action, Plaintiffs seek the admission of Mr. Hamilton's deposition transcript from entirely separate litigation, *Batalla Vidal v. Duke*, 16-cv-4756, in which plaintiffs challenge the rescission of DACA rather than any TPS determination. Further, Defendants object to the admission into evidence of former Attorney General Jeff Sessions's speech to the Heritage Foundation (PX 364) on hearsay grounds, and has it has no probative value in the instant case.

Defendants also reserve their right to object to PX 349-369 to the extent that they contain hearsay, are not related to Acting Secretary Duke's Haiti determination, and to the extent they waste the time of the Court. *See* FRE 401, 611, 802.

Dated: January 6, 2019                                  Respectfully Submitted,

                                                                       /s/_____

Ira J. Kurzban, (NY Bar No. 5347083)
Kevin Gregg*
KURZBAN, KURZBAN,
TETZELI & PRATT, P.A.
2650 S.W. 27th Avenue, 2nd Floor
Miami, FL 33133
Phone: (312) 660-1364
ira@kkwtlaw.com

Sejal Zota*
NATIONAL IMMIGRATION PROJECT OF THE
NATIONAL LAWYERS GUILD
89 South Street, Suite 603
Boston, MA 02111
Phone: (919) 698-5015
sejal@nipnlg.org

*Admitted *Pro Hac Vice*

Christopher J. Houpt (NY Bar No. 4452462)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Phone: (212) 506-2500
choupt@mayerbrown.com

Geoffrey M. Pipoly*
Christopher J. Ferro*
Sara Norval*
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
Phone: (312) 782-0600
gpipoly@mayerbrown.com

*Attorneys for Plaintiffs*

RICHARD P. DONOGHUE
United States Attorney

By:      /s/
Joseph A. Marutollo
James R. Cho
Assistant U.S. Attorneys
718-254-6288/6519
Joseph.marutollo@usdoj.gov
James.cho@usdoj.gov
*Attorneys for Defendants*

SO ORDERED:

    s/WFK
HONORABLE WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

7

Trial Exhibit List

| Date | Bates Range | Description | Notes | Defendants' Objections (Supplemental to the General Objections Set Forth in Part 10(II) of the Joint Pre-trial Order) |
|---|---|---|---|---|
| Various | TPS_PL_0000114-17 | Immigration documents related to Plaintiff Rachelle Guirand | | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| Various | TPS_PL_0000084-88 | Immigration documents related to Plaintiff Naischa Vilme | | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| Various | TPS_PL_0000001-77 | Documents related to plaintiff FANM | | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| 12/10/2018 | TPS_PL_0000126 | Statement: The Reasons Why TPS Revocation Will Hurt Haiti Liberte | | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| 12/28/2018 | | Defendants' Answer | | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| 12/31/2018 | | Plaintiffs' First Amended Complaint | | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| 1/16/2018 | | Video of Secretary Nielsen Testifying Before the Senate Committee on the Judiciary | | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| 1/14/2018 | | Video of Secretary Nielsen Testifying on Fox News Sunday | | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| 1/25/2018 | DPP_00007329-33 | Email from B. Heflight to Brandon Prelogar, et al re: Haiti TPS | | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| 02/28/2019 | CP_00026655 | Email from Kirstjen Nielsen to James Nealon, et al re: Phone Call with Haitian Ambassador on TPS | | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| 10/27/2017 | | CNN Article: Top Trump immigration staffer decamping DHS for DOJ | Hamilton Dep. Ex. No. 132 | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| 12/23/2016 | | Presidential Transition Webpage: Immigration | Hamilton Dep. Ex. No. 133 | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| | | U.S. Citizenship and Immigration Services Website - Humanitarian | Hamilton Dep. Ex. No. 134 | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| 1/12/2016 | | Letter from Senator Jeff Sessions | Hamilton Dep. Ex. No. 137 | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| 10/20/2017 | | Transcript of Deposition of Gene Hamilton in Battalla Vidal v. Nielsen | Hamilton Dep. Ex. No. 138 | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| 10/22/2017 | CP_00002736-38 | Email from Andrew Vrepek to John Zadrozny, et al, copying Gene Hamilton, re: TPS interagency input | Hamilton Dep. Ex. No. 141 | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| 10/25/2017 | CP_00026552-54 | Email from Kathy Kovarik to James Nealon, et al re: TPS interagency consultations | Hamilton Dep. Ex. No. 142 | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| 11/20/2017 | CP_00033469-70 | Email from DHS Press Office to Gene Hamilton re: Press Release | Hamilton Dep. Ex. No. 144 | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| 10/15/2017 | | Speech of Attorney General Jess Sessions | Hamilton Dep. Ex. No. 146 | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| 11/3/2017 | | Email from Kathy Kovarik to James McCament re: TPS decision memo on Haiti | Hamilton Dep. Ex. No. 149 | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| 10/-/2017 | AR-HAITI-00000046-63 | TPS Considerations: Haiti (October 2017) | Hamilton Dep. Ex. No. 151 | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| 5/9/2017 | | AP Exclusive: US digs for evidence of Haiti immigrant crimes | Hamilton Dep. Ex. No. 154 | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| 1/20/2017 | DPP_00007775-78 | Email from Lauren Claffey to Ben Cassidy, et al, copying Gene Hamilton, re: TPS Talking Points | Hamilton Dep. Ex. No. 155 | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |
| 02/23/2017 | | NY Times: Stoking Fears, Trump Defied Bureaucracy to Advance Immigration Agenda | | Defendants' Objections are set forth in the text of the Supplemental Joint Pre-Trial Order |

1