UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PATRICK SAGET, SABINA BADIO FLORIAL,
NAÏSCHA VILME, GERALD MICHAUD,
BEATRICE BELIARD, RACHELLE GUIRAND,
JEAN CLAUDE MOMPOINT, YOLNICK JEUNE,
GUERLINE FRANCOIS, LEOMA PIERRE, HAÏTI
LIBERTÉ, and FAMILY ACTION NETWORK
MOVEMENT, INC.,

Plaintiffs,

v.

DONALD TRUMP, President of the United
States of America, UNITED STATES OF
AMERICA, DEPARTMENT OF HOMELAND
SECURITY, KIRSTJEN NIELSEN, Secretary
of Homeland Security, and ELAINE C. DUKE,
Deputy Secretary of Homeland Security,

Defendants.
------------------------------------------------------------- X

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 1 0 2019 ★

BROOKLYN OFFICE

**ORDER**
18-CV-1599 (WFK) (ST)

**WILLIAM F. KUNTZ, II, United States District Judge:**

The parties dispute whether, and to what extent, this Court should admit the deposition transcripts of Kathryn Anderson, Robert Law, Francis Cissna, Donald Neufeld, and Kathy Kovarik, all of whom are employees of Defendant Department of Homeland Security.  Plaintiffs seek to admit only designated portions of the witnesses' depositions.  Joint Pre-Trial Order, ECF Dkt. No. 119, at 9–18.  Defendants, on the other hand, would wholly bar the use of this testimony under the "Record Rule."  *Id.* at 8, 18.  Should this court nonetheless admit the portions of the depositions designated by Plaintiffs over Defendants' Record Rule objection, Defendants move to admit the entire deposition transcripts and corresponding video into evidence.  *Id.* at 18.

1

Plaintiffs object to Defendants' motion to tender the entire deposition transcripts into evidence on the basis that Defendants should make their witnesses—all government employees—available at trial, as is within their power. *Id.* at 18. Defendants respond they are entitled to designate their witnesses' deposition testimony in accordance with Federal Rules of Civil Procedure 32 and 45. Notably, this Court has already permitted discovery and admitted evidence from outside of the administrative record for the purposes of facilitating its bench trial. *See, e.g.*, Order, ECF Dkt. No. 77. As a result, this memorandum will address only the parties' Rule 32 and 45 arguments.

This Court concludes, based on the language of Rules 32 and 45, that it will admit the entire deposition transcripts.

## APPLICABLE LAW

Rules 32 and 45 regulate the use of depositions in court proceedings and the Court's subpoena power, respectively. Rule 45(c)(1) enumerates the subpoena power of federal courts, providing in relevant part:

> A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person: (i) is a party or party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1).

Importantly, Rule 45 was amended in 2013 to resolve a split among federal courts across the nation (and even some within the same judicial district) as to the Rule's applicability to subpoenaing *parties* and *party officers* who reside or transact business outside the 100-mile subpoena radius of the trial court. *See* Fed. R. Civ. P. 45(c) advisory committee's note to 2013 amendment. Prior to 2013, though Rule 45 appeared to limit the subpoena power "only [to an

2

area] . . . within 100 miles of the place of trial," it expressly required courts to quash requests for subpoena only where such requests required a person *who was neither a party nor party officer* to travel more than 100 miles from their domicile or place of employment. Fed. R. Civ. P. 45(c) (amended 2013). Thus, although some courts viewed Rule 45 as vesting in them authority to compel party officers to testify no matter their distance from the trial court, *see In re Vioxx Products Liability Litigation*, 438 F. Supp. 2d 664 (E.D. La. 2006), others held Rule 45 did not authorize courts to require attendance of parties and party officers at trial when they would have to travel more than 100 miles, *see, e.g., Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213 (E.D. La. 2008); *see also Chao v. Tyson Foods*, 255 F.R.D. 556 (N.D. Ala. 2009). The 2013 Amendments resolved the Rule's ambiguities in favor of the latter interpretation: The 100-mile and state radii now apply to party and non-party alike. As the comments to the Rule provide, "Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state." Fed. R. Civ. P. 45(c) advisory committee's note to 2013 amendment.

Though a party may not compel the attendance at trial of any witness more than 100 miles from, or otherwise outside the state of, the trial court, a party may compel a witness to sit for a deposition and designate that witness's deposition testimony for use at trial. Per Rule 32:

> A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition [or] . . . ; that the party offering the deposition could not procure the witness's attendance by subpoena . . . .

Fed. R. Civ. P. 32(a)(4)(B), (D). Should one party seek to introduce only part of a witness's deposition, the Rules provide "an adverse party may require the offeror to introduce other parts

3

that in fairness should be considered with the part introduced, and any party may itself introduce any other parts." Fed. R. Civ. P. 32(a)(6).  The Second Circuit has suggested in at least one case that under Rule 32(a)(6), courts should permit parties to supplement deposition testimony designated by their opponents. *See In re Sims*, 534 F.3d 117, 141 (2d Cir. 2008).

## ARGUMENTS

As noted above, the parties dispute whether this Court should admit the deposition transcripts of Kathryn Anderson, Robert Law, Francis Cissna, Donald Neufeld, and Kathy Kovarik, all of whom are employees of Defendant Department of Homeland Security.

### 1.  Arguments in Favor of Plaintiffs' Position

Plaintiffs objects to Defendants' proposal to introduce their employee-witnesses' deposition transcripts and would instead prefer that Defendants bring their employees as live witnesses.  Plaintiffs argue that because the witnesses are "current employees of the Defendant Department of Homeland Security . . . they are not unavailable to Defendants within the meaning of Federal Rule of Civil Procedure 32(a)(4)."  Joint Pre-Trial Order, ECF Dkt. No. 119, at 18. Plaintiffs do not, however, provide any case law in support of this proposition.  Rather, Plaintiffs cite only a District of Alaska case for the proposition that "'a party cannot offer its own witness' substantive testimony by deposition unless the witness is dead or otherwise unavailable for trial.'"  *Id.* (quoting *U.S. ex rel. Poong Lim/Pert Joint Venture v. Dick Pac./Ghemm Joint Venture*, A03-290-CV(JWS), 2005 WL 3047864, at *1 (D. Alaska Nov. 10, 2005)).  As highlighted above, however, the extent of the Court's subpoena power is, in fact, grounds for unavailability under Rule 32(a)(4)(D).

4

Plaintiffs do not argue Defendants have procured the unavailability of its witnesses.  Nor do Plaintiffs respond to Defendants' argument that the witnesses whom Plaintiffs deposed are outside of this Court's subpoena power pursuant to Rule 45(c)(1).[1]

Plaintiffs could have noted that courts may fashion adverse inference instructions when a party fails to call a witness whose testimony may be "material" and who is "'peculiarly within the control of that party.'"  *United States v. Caccia*, 122 F.3d 136, 138 (2d Cir. 1997) (quoting *United States v. Torres*, 845 F.2d 1165, 1169 (2d Cir. 1988)).  As the Second Circuit has explained, "[i]n such circumstances, it is more likely than not that the testimony of an uncalled witness would have been unfavorable to the party with such control, and a jury may reasonably draw such an inference."  *Id.* at 138–39.  Thus, under Second Circuit authority, this Court, as finder of fact, would be within its rights to draw an adverse inference based on Defendants' failure to procure its witnesses for trial.  The witnesses are all employees of Defendant Department of Homeland Security and it appears that their testimony would yield highly pertinent information.

Similarly, Plaintiffs could have emphasized that courts still regularly consider parties' control over key witnesses in, for example, deciding on motions to transfer venue under the general assumption that parties will make their own witnesses available at trial.  *See, e.g.*, *FIMCO, Inc. v. Funk*, C16-4109-LTS, 2016 WL 7106520, at *2 (N.D. Iowa Dec. 5, 2016) ("In considering the convenience of witnesses, 'the Court must focus on non-party witnesses, since it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum.'" (quoting *Cosmetic Warriors Ltd. v. Abrahamson*, 723 F. Supp. 2d 1102, 1106 (D. Minn. 2010) (internal quotation marks omitted))).

---

[1] In fact, Plaintiffs implicitly recognize that they could not have subpoenaed these witnesses by seeking to admit their deposition testimony in lieu of seeking to compel them to attend trial.

In deciding motions to transfer, some courts have deemed the fact a party's employees work outside of the court's 100-mile radius "of limited relevance." *Id.*; *see also, e.g., Mylan Institutional LLC v. Aurobindo Pharma Ltd.*, 16-CV-00481-RWS-RSP, 2016 WL 9245112, at *4 (E.D. Tex. Nov. 14, 2016) ("Employees of a party or witnesses that a party otherwise controls are often entitled to little weight in a transfer analysis because compulsory process is not necessary to ensure that these witnesses attend trial.").

Should Defendants call live witnesses whose depositions Plaintiffs have already entered into evidence, it is important to note that courts have expressed considerable concern where parties engage in gamesmanship by attempting to make witnesses unavailable during the opposition's case-in-chief while seeking to call these witnesses live in their own case. *See, e.g., Buchwald v. Renco Group, Inc.*, 2014 WL 4207113, at *1–2 (S.D.N.Y. 2014). As Judge Nathan explained in *Buchwald v. Renco Group, Inc.*, a plaintiff may not seek to subpoena witnesses outside of a 100-mile radius to compel them to testify at trial, but the court *may* "control the testimony of witnesses who will already be at trial." *Id.* at *2. Consistent with Judge Nathan's observation, a Southern District of California judge quashed subpoenas that would have compelled trial testimony outside of the 100-mile radius and held that witnesses could not testify in a defendant's case-in-chief unless the defendant made them available for plaintiffs' case-in-chief. *Iorio v. Allianz Life Ins. Co.*, 2009 WL 3415689 (S.D. Cal. 2009). Thus, should Defendants procure their witnesses for their case-in-chief, this Court reserves its right to permit Plaintiffs to both directly examine and cross-examine these witnesses.

Ultimately, these arguments likely do not defeat the plain text of Rules 45 and 32, which appear to permit Defendant to both shield their witnesses in this manner and introduce the deposition testimony as part of their case.

### 2.  Arguments in Favor of Defendants' Position

First, Defendants argue the "Record Rule," which limits a court reviewing an agency determination to the administrative record, applies in this case.  Joint Pre-Trial Order, ECF Dkt. No. 119, at 8 (citing *Sadeeq Ali v. Pompeo*, 16-CV-3691 (KAM) (SJB), 2018 WL 2058152, at *4 (E.D.N.Y. May 2, 2018) (Bulsara, M.J.)).  Second, Defendants argue, even if the Record Rule does not apply, the witnesses' deposition testimony should be admitted in full because the witnesses are outside the subpoena power of the Court and are accordingly unavailable within the meaning of Rule 32, which allows any party to "'introduce any other parts'" of the deposition transcript.  *Id.* at 18–20 (quoting Fed. R. Civ. Pro. 32(a)(6)).

Third, even if this Court denies Defendants' request to introduce the remainder of the witnesses' deposition transcripts, Defendants ask this Court to admit portions of the deposition transcript "that in fairness should be considered with the part[s] introduced."  *Id.* at 20 (quoting Fed. R. Civ. P. 32(a)(6)); *see also* Joint Pre-Trial Order, ECF Dkt. No. 119, at 20–24 (designating portions of witness transcripts).  Defendants point to a recent S.D.N.Y. order in which the district court limited deposition testimony to deposition designations and counter-designations, along with pertinent objections, in support of this proposition.  *Id.* (citing *New York v. U.S. Dep't of Commerce*, 18-CV-2921 (JMF) (S.D.N.Y. Oct. 25, 2018).

Though the witnesses are Defendant Department of Homeland Security's employees, Defendants emphasize they need not make a reasonable effort to procure witnesses who reside outside of the Court's subpoena power before introducing their deposition testimony at trial.  *Id.* at 20 (citing *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 04 Civ 10014 PKL, 2009 WL 3111766, at *20 (S.D.N.Y. Sept. 28, 2009) ("[There is] no caselaw holding that, despite not appearing in the language of Rule 32(a)(4)(B), there is a requirement that a party must show that

they have made reasonable effort to procure the attendance of witnesses that reside overseas before they may introduce deposition testimony of these witnesses at trial")).

## CONCLUSION

As noted above, given the plain language of the Federal Rules, corresponding case law since Rule 45's 2013 amendment, and the reasons for which Rule 45 was amended in the first place, Defendants' posture with respect to this issue is stronger than that of the Plaintiffs. Plaintiffs, recognizing these employees to be outside this Court's subpoena power, have not sought their trial testimony. Rather, they have sought their deposition testimony pursuant to Rule 32, which designates witnesses outside the Court's subpoena power as unavailable. Rule 32(a)(6) allows Defendants to both: (1) require Plaintiffs to introduce other parts of the deposition transcripts that ought to be considered in fairness with the parts already introduced and; (2) to introduce any other parts of the depositions. Thus, this Court admits Defendants' deposition transcripts in full.

**SO ORDERED.**

s/WFK
HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
      January 10, 2019