UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

PATRICK SAGET, SABINA BADIO FLORIAL, )
NAÏSCHA VILME, GERALD MICHAUD, )
BEATRICE BELIARD, RACHELLE GUIRAND, )
JEAN CLAUDE MOMPOINT, YOLNICK JEUNE, )
GUERLINE FRANCOIS, LEOMA PIERRE, HAÏTI )
LIBERTÉ, and FAMILY ACTION NETWORK )
MOVEMENT, INC., )
                                                             ) No. 1:18-cv-01599
        Plaintiffs, ) Kuntz, J.
                                                             ) Tiscione, M.J.
    vs. )
 )
DONALD TRUMP, President of the United States )
of America, UNITED STATES OF AMERICA, )
DEPARTMENT OF HOMELAND SECURITY, )
KIRSTJEN NIELSEN, Secretary of Homeland )
Security, and ELAINE C. DUKE, Deputy Secretary )
of Homeland Security, )

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
TO MAKE WITHHELD DOCUMENTS AND INFORMATION PART OF THE RECORD
AND FOR AN INDICATIVE RULING UNDER FED. R. CIV. P. 62.1**

Ira J. Kurzban, (NY Bar No. 5347083)
Kevin Gregg*
KURZBAN, KURZBAN,
TETZELI & PRATT, P.A.
131 Madeira Avenue
Coral Gables, FL 33134
Phone: (305) 444-0060
ira@kkwtlaw.com

Sejal Zota*
JUST FUTURES LAW
95 Washington Street, Ste. 104-149
Canton, MA 02021
sejal@justfutureslaw.org

Christopher J. Houpt (NY Bar No. 4452462)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Phone: (212) 506-2500
choupt@mayerbrown.com

Howard J. Roin*
Miriam R. Nemetz
Geoffrey M. Pipoly*
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
Phone: (312) 782-0600
gpipoly@mayerbrown.com

*Admitted *Pro Hac Vice*                *Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

**Page**

STATEMENT OF FACTS ................................................................................................... 1

ARGUMENT ....................................................................................................................... 4

I. THE COURT SHOULD ISSUE AN INDICATIVE RULING UNDER
   RULE 62.1 ............................................................................................................... 4

II. ALTERNATIVELY, THIS COURT SHOULD MAKE RELEVANT
    DOCUMENTS PART OF THE RECORD AS TO THE UNDERLYING
    MERITS OF THE CASE .......................................................................................... 8

CONCLUSION .................................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*FCC v. Fox Television Stations, Inc.*,
    556 U.S. 502 (2009) .................................................................................................................. 5

*Griggs v. Provident Consumer Discount Co.*,
    459 U.S. 56 (1982) .................................................................................................................... 6

*New York State Nat. Org. for Women v. Terry*,
    886 F.2d 1339 (2d Cir. 1989) ................................................................................................ 6, 8

*New York v. Dept. of Commerce*,
    No. 1:18-cv-02921-JMF, Dkt. 635 (S.D.N.Y. 2019) ................................................................ 7

*Ret. Bd. of the Policemen's Annuity & Ben. Fund of the City of Chicago v. Bank of New York Mellon*,
    775 F.3d 154 (2d Cir. 2014) ..................................................................................................... 6

*Saget v. Trump*,
    375 F. Supp. 3d 280 (E.D.N.Y. 2019) .............................................................................. 1, 2, 5

**Statutes**

8 U.S.C §.1254(b)(3) ................................................................................................................. 3, 4

8 U.S.C. § 1254a(b)(1)(B)(i) .......................................................................................................... 5

**Other Authorities**

Fed. R. App. P. 10(a) ..................................................................................................................... 7

Fed. R. Civ. P. 12.1 ........................................................................................................................ 8

Fed. R. Civ. P. 62.1 ............................................................................................................. 1, 4, 7, 9

Fed. R. Civ. P. 62.1(a) .................................................................................................................... 6

Fed. R. Civ. P. 62.1(b) .................................................................................................................... 8

On July 11, 2019—three months after this Court issued its Decision and Order ("PI Order,") and seventh months after this Court held a preliminary injunction hearing—Defendants revealed that they had withheld critical information relevant to the issues in the PI Order. Had Plaintiffs known of this critical information during discovery, they would have relied on it, both at depositions and at trial. This Court may have relied on the information too in crafting its PI Order.

To ensure that the factual record underlying the PI Order is complete for purposes of Defendants' appeal, Plaintiffs move the Court to make the previously-withheld information part of the record on appeal for its PI Order and to modify or supplement the PI Order to rely on this information in any manner that the Court may deem appropriate. Because Defendants docketed their appeal before revealing this previously-withheld information, however, this Court now lacks jurisdiction to take any action with respect to its PI Order based on the new information or to make the new information part of the record on appeal for the PI Order. Accordingly, Plaintiffs request that the Court enter an indicative ruling under Federal Rule of Civil Procedure 62.1 stating that the Court would grant Plaintiffs' motion if jurisdiction over the PI Order were restored, or stating that the motion raises a substantial issue. In the alternative, Plaintiffs move for the admission of these documents into evidence for the merits of the case, over which this Court still has jurisdiction notwithstanding Defendants' appeal of the PI Order.

## STATEMENT OF FACTS

On April 11, 2019, this Court enjoined Defendants from terminating TPS for Haiti, concluding that Plaintiffs were likely to succeed on the merits of their claim that the decision to terminate Haiti's TPS designation violated the TPS statute, the Administrative Procedure Act, and the Equal Protection Clause. *See generally Saget v. Trump*, 375 F. Supp. 3d 280 (E.D.N.Y. 2019). Defendants filed their Notice of Appeal on June 6, 2019.

On July 11, 2019, counsel for Defendants informed Plaintiffs' counsel by email that "DOJ discovered this week that certain documents previously produced in the TPS cases, including *Saget*, did not have track changes or comments bubbles in a visible form." (Ex. A). Prior to that disclosure, Plaintiffs' counsel were wholly unaware that the documents produced during discovery contained hidden track changes and comment bubbles. Defendants' counsel also stated that they were "working on isolating the documents potentially impacted in *Saget*," and "[they] are working expeditiously on this matter." *Id*.

On August 13, 2019, Defendants' counsel revealed that not only the documents previously produced to Plaintiffs in discovery had content withheld; Defendants disclosed that "*approximately 500 documents that were produced in-camera to Judge Kuntz . . . also contain track changes and/or comment bubbles*" that were hidden, and that Defendants were "reviewing these documents [to get] . . . a better idea of the timeline for completing this review." *Id*. (emphasis added).

All told, Defendants made four productions of documents to Plaintiffs in July and August, 2019. On August 13, 2019 Defendants confirmed that no more productions would be forthcoming to Plaintiffs. (Ex. C). In all, Defendants produced to Plaintiffs hundreds of documents containing previously-hidden comment bubbles and track changes. Plaintiffs of course do not know the content of the information withheld from documents this Court previously reviewed *in camera*.

The newly-revealed track changes and comments are relevant to and probative of matters in dispute in this case, and some of them further confirm this Court's findings and conclusions in its PI Order. For example, there were important track changes and comments on drafts of TPS Director Memoranda, including the Director Memoranda this Court cited in its PI Order. *See, e.g., Saget*, 375 F. Supp. 3d at 304-310. In one draft of the Director Memorandum concerning Haiti

TPS, for example, a comment bubble reveals that Trump political appointee Robert Law not only instructed career USCIS researchers Brandon Prelogar and Kathryn Anderson to rewrite the Director Memorandum to "emphasize factors . . . agreed upon as supporting termination," but also directed that they make specific points supporting termination, including that Haiti has made "significant progress"; that "Haiti's gov't wants them back";[1] the supposed "decline in Haitians seeking nonimmigrant visas BECAUSE conditions aren't as bad at home anymore"; and "tourism." (Ex. D at CP_00122450-51).

Similarly, in a draft letter to U.S. Representative James P. McGovern about El Salvador's TPS designation, DHS employee Gary Jin recommended deleting the statement that TPS could be terminated "if the statutory conditions for the original TPS designation are no longer met," saying in a comment bubble: "There's no explicit statutory language in 8 U.S.C. 1254(b)(3) stating that the review must be based on the *original* designation—*it's the interpretation that the Secretary chose*." (Emphasis added). (Ex. E at CP_00121009).

This new information compellingly supports findings made in the Court's PI Order. Other documents withheld by Defendants bear directly on this Court's analysis as well. For example:

- In one document, DHS employee Prelogar notes in a comment bubble that a TPS designation based on "extraordinary and temporary conditions" had "different elements" than one based on the "environmental prong." (Ex. F at CP_00120580).

- In a draft of a letter to Oxfam America from then-DHS Secretary John Kelly, Prelogar recommended deleting the statement that: "while countries that have received TPS designation

---

[1] The comment bubble also makes clear that Prelogar and Anderson debunked any claim that the Government of Haiti "want[ed] [Haitian TPS recipients] back." Anderson and Prelogar wrote: "Don't think we should say this, as it was based on an apparent misunderstanding that the Haitian government worked to set straight." (Ex. D at CP_00122450).

3

in the past continue to face economic difficulties, these economic hardships do not meet the statutory requirements" for TPS. (Ex. G at CP_00120528). Prelogar said in a comment bubble: "I know of nothing in the statute affirmatively disqualifying economic hardships from potentially constituting extraordinary and temporary conditions." (*Id.*).

- Trump political appointee Robert Law deleted from a document about the Deferred Action for Childhood Arrivals ("DACA") program the statement that: "We appreciate what Dreamers bring to the diversity and economy of our nation." (Ex. H at CP_00121140).

- In a comment bubble in the draft of a Director Memorandum for Honduras, Prelogar said that for a TPS designation based on extraordinary and temporary conditions—as opposed to one based on a natural disaster—the ultimate inquiry is "whether they can go back in safety." (Ex. I at CP_00120603).

These documents are just a few examples of many. There are numerous additional documents relevant to this Court's review and analysis, which Plaintiffs will promptly submit to this Court should this Court grant the instant motion and if jurisdiction over the PI Order is restored.

## ARGUMENT

### I.  The Court Should Issue An Indicative Ruling Under Rule 62.1

The previously hidden track changes and comments are relevant, significant, and probative, and at a minimum, they should be included in the record. They include additional proof that the Trump Administration's decision to terminate TPS for Haiti was pre-ordained, pretextual, and the result of a new interpretation of the TPS statute. Had Defendants produced these documents during discovery, as they should have, Plaintiffs would have used them as exhibits at depositions and moved for their admission into evidence at the preliminary injunction hearing, and this Court may well have included them in its PI Order.

For example, as noted above, a previously hidden comment bubble reveals a DHS employee named Gary Jin stating that "[t]here's no explicit statutory language in 8 U.S.C. 1254(b)(3) stating that the review must be based on the *original* designation—*it's the interpretation that the Secretary chose*." (Ex. E at CP_00121009) (emphasis added). This document is direct evidence supporting this Court's conclusion that "Defendants interpreted the [TPS] statute to require DHS to consider only the conditions resulting from the originating event marking a departure from past practice." *Saget*, 375 F. Supp. 3d at 354.; *see also id.*, citing *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009) ("An agency may not . . . depart from a prior policy *sub silentio*" and must also "show that there are good reasons for the new policy.").

Similarly, the above-referenced Director Memorandum containing comment bubbles from Robert Law, (Ex. D at CP_00122450-51), reveals not only that Trump Administration political appointees "intentionally edited the 2017 director memorandum to support the case for termination," *Saget*, 375 F. Supp. 3d at 349, but also demonstrates that Trump Administration political appointees directed career officials to do so as well, and that the Trump Administration had specific talking points in mind to support its pre-ordained theory of termination ("tourism" and "Haiti's gov't wants them back," for example).

Moreover, the comment bubbles written by Brandon Prelogar on the letter from Secretary Kelly to Oxfam, (Ex. G at CP_00120528), and on the Honduras Director Memorandum (Ex. I at CP_00120603) are contemporaneous evidence of how nonpolitical, career officials understood the TPS statute, and directly supports this Court's conclusion that the Defendants purposefully changed their interpretation of the TPS statute. *See Saget*, 375 F. Supp. 3d at 354 (noting that "[i]n the past, when evaluating whether a foreign state designated for extraordinary and temporary conditions" met the standard for extension, decision-makers "have in the past considered *all*

5

'extraordinary and temporary conditions'"); *see also id*. at 356 n. 22 (noting that it was significant that "Haiti was not designated under 8 U.S.C. § 1254a(b)(1)(B)(i), which specifically references natural disasters such as earthquakes.").

Ordinarily "the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Although there is an "exception to the general rule" for appeals from preliminary injunction orders allowing the district court to proceed on the merits of the case, an appeal of a preliminary injunction nonetheless divests the district court of jurisdiction "respecting the questions raised and decided in the order that is on appeal." *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989); *see also Ret. Bd. of the Policemen's Annuity & Ben. Fund of the City of Chicago v. Bank of New York Mellon*, 775 F.3d 154, 159 n. 4 (2d Cir. 2014) ("The filing of a notice of appeal divests a district court of jurisdiction over the issues presented in the appeal."). Because Defendants appealed the PI Order *before* disclosing that they had withheld documents "respecting the questions raised and decided" in the PI Order, this Court may not have jurisdiction to add the wrongfully withheld documents to the record on appeal for its PI Order, let alone to address the importance of those documents.

Federal Rule of Civil Procedure 62.1(a), however, provides a solution. That rule states that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." The documents Defendants wrongfully withheld at a minimum raise a "substantial issue" warranting a

remand to this Court in order to supplement the record, as well as to give the Court the opportunity to consider whether to modify the factual basis of its PI Order.

The Second Circuit should be permitted to review *all* the evidence relevant to the Trump Administration's unlawful termination of TPS for Haiti, not just some of it. And this Court should be able to evaluate these documents before the appeal. Neither Plaintiffs nor this Court knew during discovery that these critical documents existed. These documents should have been produced months ago, before the preliminary injunction hearing. That they were not produced until seven months after the preliminary injunction hearing is troublesome to say the least; it may represent part of a broader pattern of Defendants withholding critical documents in legal challenges to the Trump Administration's unlawful policies. *See, e.g. New York v. Dept. of Commerce,* No. 1:18-cv-02921-JMF, Dkt. 635 (S.D.N.Y. 2019) (plaintiffs' motion for sanctions setting forth the numerous ways in which defendant officials failed to disclose discoverable communications with Thomas Hofeller).

Regardless, because Defendants withheld these documents until months after the discovery, trial, and PI Order in this case, they were not part of the record or this Court's PI Order, and therefore are not currently part of the record in the pending appeal. *See* Fed. R. App. P. 10(a) (defining the record on appeal to include "original papers and exhibits filed in the district court"). They should be. And this Court should evaluate them in the first instance. Defendants should not be permitted to avoid district court review of these documents by withholding them until after filing their appeal.

Even though Plaintiffs substantially prevailed and obtained a preliminary injunction, it is fundamentally unfair to Plaintiffs for the appeal to proceed with less than the full record that should have been produced months ago. Ensuring that the complete record exists is critical to appellate

7

review of defendants' decision to terminate Haiti's TPS. Moreover, Plaintiffs do not, and cannot, know whether and to what extent the hidden content in the documents that Court reviewed *in camera* is relevant. To the extent any of that content is relevant, admissible, and nonprivileged, it should be part of the record as well. There appears to be no mechanism for these documents to become part of the record other than for this Court to evaluate them *in camera*.

Accordingly, Plaintiffs now move for an indicative ruling under Rule 62.1 that this Court (a) would make the relevant, admissible information that Defendants withheld part of the record supporting its PI Order if it had jurisdiction to do so; or (b) find that the withheld information raises a substantial issue. This will enable Plaintiffs to move for a remand before the Second Circuit. A remand by the Second Circuit would restore this Court's full jurisdiction over the PI Order and would allow it to incorporate into the underlying record (and if the Court chooses its PI Order) the documents that Defendants withheld. *See* Fed. R. Civ. P. 62.1(b) ("The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.").

## II. Alternatively, This Court Should Make Relevant Documents Part Of The Record As To The Underlying Merits Of the Case

Although this Court lacks jurisdiction over the PI Order as a result of Defendant's appeal, it retains jurisdiction over the underlying merits of the case. Indeed, "[with respect to an] appeal from an interlocutory order that either grants or denies a preliminary injunction . . . . the matter does not leave the district court, but proceeds on the merits unless otherwise ordered." *New York State Nat. Org. for Women*, 886 F.2d at 1350. The "filing of a notice of appeal ***only*** divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal." *Id*. (emphasis added). Accordingly, even if this Court does not issue an indicative ruling

8

under Rule 62.1, Plaintiffs respectfully request that the documents at issue in this motion be admitted into the record for the underlying merits case separate and apart from the PI Order.

## CONCLUSION

For the reasons set forth above, Plaintiffs move for an indicative ruling pursuant to Rule 62.1 that (a) the Court would add the withheld information to the record supporting the PI Order, or (b) at a minimum that Plaintiffs' request presents a substantial issue; or in the alternative, Plaintiffs move to enter the documents attached to this motion into evidence as part of the record for the underlying merits case separate and apart from the PI Order.

Dated:  September 3, 2019                                          Respectfully submitted,

                                                                   */s/ Geoffrey M. Pipoly*

9