

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 3, 2019

**By ECF**

Honorable William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Saget, et al., v. Trump, et al.*, CV-18-1599 (Kuntz, J.) (Tiscione, M.J.)

Dear Judge Kuntz:

  In light of Plaintiffs' Fed. R. Civ. R. 62.1 motion (Dkt. No. 158), and the Court's denial of that motion earlier today, the undersigned Assistant U.S. Attorneys respectfully request—out of an abundance of caution—leave to supplement the Government's prior *in camera* production of documents to the Court. In the context of litigating cases nationally involving challenges to Temporary Protected Status ("TPS") determinations,[1] the Government recently learned that a limited set of its prior document productions inadvertently did not properly display tracked changes and/or comment bubbles. Upon learning of this technical oversight, the undersigned immediately informed Plaintiffs' counsel in *Saget* and expeditiously worked to assess its impact on the present litigation. Since July 11, 2019, on a rolling basis, the Government has produced to Plaintiffs records that now display the track changes and/or comment bubbles. During the course of its assessment, the Government learned that a subset of documents were previously produced to the Court *in camera* only without visible track changes and/or comment bubbles. While the Court has already reviewed these underlying documents, other than the tracked changes and/or comments bubbles, to evaluate the Government's assertion of the deliberative process privilege ("DPP"), the Government is prepared to submit again this subset of documents—now displaying the visible track changes and/or comment bubbles—for the Court's *in camera* review only. The Government respectfully notes that none of these documents were referenced by the Court in its April 11, 2019 decision or admitted into evidence. *See Saget v. Trump*, 375 F. Supp. 3d 280, 340 (E.D.N.Y. 2019). The Government apologizes for this technical oversight.

  By way of background, pursuant to the Court's August 21, 2018 order, the Government

---

[1] Federal cases involving challenges to TPS determinations include: *Ramos, et al., v. Nielsen, et al.*, 18-16981 (9th Cir.); *NAACP v. DHS, et al.*, 18-CV-239 (D. Md.); *Casa de Maryland, et al., v. Trump, et al.*, 18-CV-845 (D. Md.); *Centro Presente, et al., v. Trump, et al.*, 18-CV-10340 (D. Massachusetts); and *Bhattarai, et al., v. Nielsen, et al.*, 19-CV-731 (N.D. Cal.).

produced to Plaintiffs thousands of documents that were already produced, collectively, in *Ramos v. Nielsen,* No. 18-CV-1554 (N.D. Cal.) and *Centro Presente v. Trump*, No. 18-cv-10340 (D. Mass.), as well as deposition transcripts of individuals deposed in the *Ramos* matter. On November 21, 2018, the Court granted Plaintiffs' request to seek additional discovery. *See* Dkt. No. 77. The Government complied with the Court's order. On December 17, 2018, Plaintiffs moved to compel, among other things, *in camera* review of the documents on the Government's privilege log, all of which relate to the Government's assertion of DPP in document productions. *See* ECF No. 98 (Plaintiffs' motion); *see* ECF No. 99 (Government's opposition). In an ECF entry, issued on December 19, 2018, the Court ordered that "[a]ll documents requiring *in camera* review are to be submitted directly to the District Court for my review." On December 21, 2018, the Government produced to the Court, for *in camera* review, three DVDs containing documents withheld solely on DPP grounds and a corresponding privilege log. The documents were assigned control numbers from PrivWithheld_00000001 through PrivWithheld_00021306, and were comprised of 3,589 documents and total 21,306 pages.[2]

On April 11, 2019, the Court issued a decision enjoining the Government "from terminating TPS status for Haiti, pending a final decision on the merits of this case. The preliminary injunction shall take effect immediately and shall remain in effect pending resolution of this case on the merits or further order of this Court." *Saget v. Trump*, 375 F. Supp. 3d 280, 379 (E.D.N.Y. 2019) (referred to as the "Decision"). In the Decision, the Court stated that, "[w]ith respect to Defendants' privilege assertions, the Court has carefully reviewed Defendants' substantial privilege log *in camera*" and "admits only the privilege-log documents cited in this opinion." *Id.* at 340. On June 6, 2019, the Government filed a notice of appeal of the Court's April 11, 2019 Decision. *See* Dkt. No. 157. The Government's appellate brief is due to be filed at the U.S. Court of Appeals for the Second Circuit on or before September 19.

During the week of July 8, 2019, the Government learned that certain underlying documents previously produced in multiple cases nationally challenging revocations of TPS determinations, including *Saget*, did not have track changes or comments bubbles in a visible form. Following further review, on July 11, 2019, the undersigned informed Plaintiffs of this development. Over the next several weeks, the Government worked to isolate the documents impacted in *Saget* and, on a rolling basis, produced updated versions of the documents at issue and corresponding privilege logs. The underlying documents had previously been produced to Plaintiffs during discovery; the more recent post-Decision productions, however, now display the track changes or comment bubbles not previously visible in the underlying documents and/or address those track changes or comment bubbles in privilege logs. As of August 16, 2019, the Government provided Plaintiffs with the full set of previously-produced *Saget* documents—now featuring all of the recently identified track changes and/or comment bubbles subject to necessary redactions—along with corresponding privilege logs and comparison charts. None of the information in these recently-produced documents were withheld under the deliberative process privilege.

The Government also informed Plaintiffs that it was reviewing approximately 500 documents previously produced *in camera* only to your Honor that were recently identified as also

---

[2] The Government produced over 34,000 pages to Plaintiffs in *Saget*.

featuring track changes and/or comment bubbles. None of these approximately 500 documents were referenced in the April 11, 2019 Decision as having been admitted into evidence. *See Saget*, 375 F. Supp. 3d at 340.

Out of an abundance of caution, and should the Court so order, the Government respectfully submits that it can be prepared to submit these approximately 500 documents that contain track changes and/or bubbles to your Honor by the end of this week for *in camera* review.

The Government thanks the Court for its consideration of this matter.

                                                  Respectfully submitted,

                                                  RICHARD P. DONOGHUE
                                                  United States Attorney

By:       /s/
          Joseph A. Marutollo
          James R. Cho
          Assistant U.S. Attorneys
          718-254-6288/7489
          Joseph.marutollo@usdoj.gov
          James.cho@usdoj.gov

**cc:** **BY E.C.F.**
      Counsel of Record (w/o enclosure)